REYNES *vs.* ZACHARIE'S SUCCESSION.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

A witness on oath will not be permitted to contradict his written acknow-
ledgments and admissions, even when not sworn to.

The written acknowledgment of the principal in an agreement that the adverse party has complied with his contract, is binding on the surety.

This is an action instituted against the succession of the late J. M. Zacharie, to recover the sum of eight hundred and

EASTERN DIST.
June, 1836.

REYNES
vs.
ZACHARIE'S SUC-
CESSION.

thirty-three dollars and fifty-two cents, which the administrator refuses to pay.

The plaintiff alleges that the decedent became surety for one A. T. Wood, in an agreement which the latter made with him (plaintiff) for a quantity of flooring plank, according to the annexed agreement and account rendered and approved by said Wood. That he has demanded the amount of said account from the administrator of J. M. Zacharie, which he refuses to allow and pay, wherefore he prays judgment against the succession of said decedent, for his said claim, &c.

The administrator pleaded a general denial, and required proof of the signature of the decedent to the agreement sued on, and denied specially that it is in any way binding on his succession.

The following are the agreement and account on which the suit is instituted.

" I engaged to deliver to Mr. A. T. Wood, a lot of flooring plank, 20 feet 1 4-7, dry stuff, examined by him, for the price of thirty dollars a thousand. When the said planks are delivered, Mr. A. T. Wood obliges and binds himself to pay the full amount of the bill, by Mr. J. M. Zacharie's note well endorsed, at ninety days from the date of the delivery. This agreement approved by Mr. J. M. Zacharie and signed by all the parties."

" REYNES,"<br>
" J. M. ZACHARIE,"<br>
" A. T. WOOD."

" New-Orleans, 23d April, 1835."

" Mr. A. T. Wood and J. Madison Zacharie,
    1835.                              To J. Reynes, Dr.
    May 7, 130 planks, 20 1 4-7,    3000,   $30,   $90 00
      " 12, 220    "     20 1 4-7,   5560,
      "   "  120    "     20 1 4-7, 19,224,   "    $743 52
                                                 ————————
                                                  $833 52"

"I have received the above mentioned plank, therefore the bill is correct, and ought to be paid, as per agreement."

"A. T. WOOD."

EASTERN DIST.
June, 1836.

REYNES
vs.
ZACHARIE'S SUC-
CESSION.

Upon these pleadings and evidence the parties went to trial.

The probate judge was of opinion the late J. Madison Zacharie was a party to the agreement sued on, by its very terms, and bound by it; and that his succession is also liable.

Judgment was rendered in favor of the plaintiff for the amount of his claim, from which the administrator appealed.

*Hoa,* for the plaintiff.

*J. Slidell* and *Preston,* for the appellant.

*Bullard, J.,* delivered the opinion of the court.

This is a suit against the administrator of J. M. Zacharie's estate, to recover the price of certain lumber which the plaintiff engaged to deliver to one Wood, on a written agreement that Zacharie would furnish his note for the payment. The defendant requires proof of the signature of the deceased, and alleges that if it be genuine it created no legal obligation on the part of the deceased.

The document in the record, signed by Reynes, Wood and Zacharie, shows that Reynes was to deliver to Wood a lot of lumber at a fixed price, and when delivered, Wood binds himself to pay the full amount by Zacharie's note, well endorsed, at ninety days. A receipt of Wood is shown at the foot of a bill of the lumber, and his acknowledgment that the bill is correct and ought to be paid, as per agreement. This paper appears to have been given in evidence, without objection; but the counsel expresses a doubt whether evidence on oath ought not to be required. By the agreement, Wood was to examine the lumber and, we presume, was to decide whether it was such as the plaintiff engaged to deliver. And if he were a witness, he would not be permitted to contradict his written acknowledgment. We

*A witness on oath will not be permitted to contradict his written acknowledgments and admissions, even when not sworn to.*

*The written acknowledgment of the principal in an agreement, that the adverse party has complied with his contract, is binding on the surety.*

EASTERN DIST.  think his admission, under these circumstances, was binding
June, 1836.  on Zacharie.

BRAND
*vs.*
TOURNE & BECK-  It is, therefore, ordered, adjudged ·and decreed, that the
WITH ET AL.  judgment of the Probate Court be affirmed, with costs.