C. GAYARRE *v.* W. F. TUNNARD.

An artisan has a right to retain the thing which he has repaired, until payment of the price of the repairs. Art. 3184 C. C. gives to the artisan not merely a privilege, but a right of retention.

Where testimony is received without objection, the court will not be restricted to the issues presented by the pleadings; but must decide the cause as presented by the proof.

APPEAL from the District Court of the Parish of East Baton Rouge. This cause was tried by a jury before *Robertson,* J.

*C. Gayarre, pro se. J. W. Seymour,* [and *J. M. Elam,* for defendant and appellant.

CAMPBELL, J. The petitioner alleges that on the 9th of September, 1852, the defendant, *W. F. Tunnard,* though thereto demanded, refused to deliver the possession of a four wheeled carriage belonging to him; and that he detains the same illegally and maliciously. He prays for the restitution of the carriage, and for $1000 damages for its detention. The defence is a general denial, and a special denial that his conduct towards petitioner has been malicious or illegal; alleging that the suit of plaintiff is malicious and ungrounded in law, and brought with the intent of annoying and harrassing him; he claims damages in reconvention. The case was tried by a jury, and in conformity with their verdict, a judgment was rendered in plaintiff's favor, decreeing the return of the carriage and sentencing defendant to pay twenty-five dollars as damages, and the costs of suit.

From the judgment and fine rendered, this appeal has been prosecuted.

Though the issues presented by the pleadings are simple and easy of solution, this case has become much complicated by the manner in which this trial was conducted in the court below. Testimony not strictly admissible under the pleadings, has been offered and received without objection, and the effect of which has been to change materially the issue as made up.

The facts of the case as disclosed by the record, are substantially as follows : Plaintiff, on the morning of the 9th of September, sent his carriage to the shop of defendant, who is an artisan, to be repaired. The repairs were made, and are proved to be worth two dollars, the sum charged. Defendant refused to deliver to plaintiff the carriage, until he should be paid this sum. This plaintiff refused to do, but proffered to and actually did deposit with *Dufroc,* Mayor and Justice of the Peace of Baton Rouge, the sum demanded, subject to the claim of defendant upon his establishing his right to it. The money thus deposited was never demanded by defendant, and was withdrawn on the 14th of the same month by plaintiff.

The defendant maintaining, that under the Article 3184 of the Civil Code, he had the right to keep possession of the carriage until payment of the price of repairs, has excepted to the charge of the Judge, who instructed the jury that defendant had no such right, but that it should have been delivered up immediately on demand, and that the jury consequently were bound to render a verdict in favor of plaintiff for the carriage, and for such damages as they might consider he had suffered by its detention.

We think the court erred in charging the jury, that defendant had no right to detain the carriage until payment for the repairs was made. The right

necessarily results from the second paragraph of Article 3184 of the Civil Code, which expressly accords this privilege to "the debts of a workman or artisan, for the price of his labor, on the movable which he has repaired or made, if the thing continues still in his possession."

This rule—the artisan's *droit de retention*—is derived from the Roman Law, (See Voet cited Trop. Priv. 'et Hyp. vol. 1, No. 264,) and is analogous to the particular lien given in like cases by the common law, which their writers define to be "the right to retain the property of another for a charge on account of labor bestowed upon it," (2 Kent Com. 634,) which right, as has been held by their courts, continues while the possession is retained, but is lost by a voluntary surrender. *Holly* v. *Hungerford*, 8 Pick. 73. *Moore* v. *Hitchcock*, 4 Wend. 292.

In *Jordan* v. *James*, 5 New Ham. 88, it was held that the possession of the object on which the lien is claimed to operate, is the very essence of the lien. It was necessary for the plaintiff before demanding the possession of his carriage judicially, either to have paid the charge for repairs, or, in case he deemed it excessive, to have made to the defendant a tender of such sum as the repairs were reasonably worth, and the Judge should so have instructed the jury.

We must not be understood as intimating that the law accords no other remedy to the artisan, than that which results from the right of retention, or that the exercise of this right precludes the artisan from enforcing his privilege by a sale of the thing, as in other cases of privilege. The two remedies may exist together, and are not inconsistent with each other, and a decision of that question is not necessary in the present case.

We are further of opinion, that the Judge erred in charging the jury that, "inasmuch as defendant in his answer, had not expressly claimed his privilege, the jury could not take into consideration the question of privilege at all." The reasons assigned by the court might perhaps have warranted the rejection of testimony to establish these facts, on the ground that, not being alleged, they might be a surprise to the plaintiff; but this omission in the pleadings has been cured by the reception, without objection, of testimony fully establishing all the essential circumstances deposed to. In the case of *Powell* v. *Aiken & Gwinn*, 18 La. 328, it was held, that a party who suffers evidence to be introduced without opposition or objection, although contrary to and beyond the allegations contained in the pleadings, is bound by its effect.

The record, moreover, furnishes abundant proof that the evidence could not have been a surprise to plaintiff; the principal facts established by it having been detailed in a letter to defendant of the 10th of September, written the day after the institution of his suit, and afterwards affirmed by his own witness in reply to direct interrogatories and in defendant's letter to plaintiff, both of which letters were offered by plaintiff. *Ory* v. *Winter*, 4 N. S. 277. *Frierson* v. *Irwin*, 5 An. 531. *Waterman* v. *Gibson*, 5 An. 673.

The conclusion to which we have arrived in referrence to the charge of the Judge, renders it unnecessary for us to examine the bills of exception taken by defendant's counsel to the admissibility of certain evidence objected to by him, but received by the court.

It is therefore ordered, adjuged and decreed, that the judgment of the District Court be avoided and reversed; and that there be judgment in favor of the defendant as in case of nonsuit; that the costs of both courts be paid by the plaintiff and appellee.

GAYARRE
*v.*
TUNNARD.

*C. Gayarre*, for re-hearing:

It is true that Art. 3184 says, that a workman has, for repairs done, a privileged claim on the object so repaired, when in his possession.

But, in the very next Article, 3185, the Legislator has declared in the clearest terms, that privilege gives no right of detention; that this right must originate from something more than a privilege, and that it is actually more than a privilege.

What was granted in Art. 3184?—a mere privilege founded on a mere contingency—not the right of detention, which is more than a privilege; and not the right to compel payment extra-judicially, which is infinitely more than the right of detention as guaranty or security, until payment can be enforced judicially.

This appellee begs leave respectfully to refer the court to said Article 3185 of the Civil Code, but to which the attention of the court was not invited with sufficient clearness—no doubt through the appellee's fault—and on which the verdict and judgment in the court below rested altogether.

Art. 3185 says: "The right which the lessor has over the products of the estate, and on movables which are found on the place leased for the rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies. It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid."

Appellee further invites the court to the examination of the following considerations:

Art. 3152, Civil Code, says: "privilege can be claimed only for those debts to which it is expressly granted in the Code."

Therefore, if privilege cannot be presumed, it follows that the right of detention, (which, according to Art. 3185, is more than a privilege,) can much less be presumed, and must be specially given.

Art. 3184, relied on by defendant, gives, it is true, and in specific terms, a privilege to the workman, but no right of detention—which is not the consequence of privilege, but more than a privilege, according to the express declaration contained in Art. 3185. What is more than a privilege cannot be a consequence of it. If it is more than a privilege, it cannot be implied as proceeding from it, for the obvious reason that, when two things are of different dimensions, the one which is larger cannot be supposed to have been contained in the smaller.

But if our Civil Code says, that no privilege can be presumed, and that it must be specially given, the next question is, what is a privilege?—not according to the Roman law, or to the common law, but according to our Code, which permits none to be presumed, and which recognizes the existence only of such as it grants and defines. It is therefore of no consequence to ascertain what privileges or liens were granted by the Roman law, or the common law, when our Code has spoken on the subject. Our Code refers to its own definitions for what it grants, and not to other systems of jurisprudence.

But what is a privilege according to the Code of Louisiana? Is it anything like what is understood as such by those who have studied the Roman law? Or is it what is called a lien at common law? Is it the right of detention as guaranty? Is it more than that? Is it the right of detention to compel payment? No, for Art. 3153 of the Civil Code, defines what a privilege is, and says: "Privilege is a right which the nature of a debt gives to a creditor, and which entitles him to be preferred before other creditors, even those who have mortgages."

This is all that a privilege is in Louisiana, whatever it may be in those countries where the Roman law and the common law prevail, unless something be added to it by some other provisions of law, as in a few cases in which that addition is made, in special and guarded terms.

If Art. 3184, when granting privileges to the above mentioned creditors, had conceded, as a necessary corollary, the right of detention, where was the necessity of granting such a right, in a special form, in the subsequent articles I have quoted? The inevitable inference seems to be, that the framers of the Civil Code meant that Art. 3184 should give no right of detention, but a mere privilege, such as is defined in Art. 3153, and conferring no more rights than those therein mentioned. It seems also, that the omission of granting to the work-

man or artisan the right of detention, when the like was subsequently superad-
ded to privilege by the legislator, in favor of certain creditors to whom privi-
lege had also been granted in said Art. 3184, shows that the legislator intended
to confer no such right on the workman or artisan. But, not satisfied with
having carefully abstained from using any words of doubtful import, and, as if
he anticipated, however, a possible misconstruction of Art. 3184, the legislator
said, in the very next Article, 3185, that privilege gives no right of detention—
and that the right of detention is more than a privilege.

I respectfully suggest that the above article means only this : That certain
creditors therein mentioned have, in virtue of the privilege granted to them
and defined in Art. 3153, the right to be paid in preference to other creditors,
whether or not the articles on which they have a privilege are in their hands :
but that an exception is made, in relation to the artisan, who has a right to be
paid in preference to other creditors only as long as the article on which the
privilege exists continues in his hands. It is a diminution—a curtailment of
the privilege granted to the other creditors—and not an enlargement of it—
not something more than a privilege—not the right of detention as security—
and much less is it the right of detention to compel payment extra-judicially,
as the court supposes; and if it be an extension of privilege, it is only an ex-
tension of what was granted. And what was granted in said Article 3184 ?
Why—no more than the right of being paid in preference to other creditors—
and not the right of detention—not the right of enforcing payment for an unli-
quidated claim against the owner of the object detained—which is a right of a
different nature—nay—which far from being a right, would be a monstrosity.
Such a thing is nowhere granted to a workman either by our Code or by any
of our statutes.

In conclusion, I humbly beg leave to call the attention of the court to the
following considerations :

That the right of detention forcibly and inevitably confers a privilege ; but
that privilege does not confer the right of detention ;

That the right of detention, which is granted in certain cases merely as a
security for debt, does not give impliedly the right to compel payment extra-
judicially ;

That according to the express will of the legislator, privilege is never to be
inferred ; and that, consequently, much less is the right of detention to be pre-
sumed. What shall I say of the right assumed by a creditor to compel pay-
ment without resorting to a court of justice !

Re-hearing refused.