The opinion of the court was delivered by
Nicholls, C. J.
The parties have, on the rehearing, submitted this cause on brief; plaintiff’s counsel calling our attention specially to the cases of Stevens vs. Older and Chandler, 26 An. 684, and Baldwin vs. Young, 47 An. 1467.
In plaintiff’s original petition he alleges that defendant was indebted to him in the sum of five thousand dollars, for this: That on the 28th of November, 1891, he leased to Theresa Hamilton the lot of furniture referred to which was used by her at No. 189 Customhouse street, under the obligation not to remove the same from said premises; that on Sunday, the 2d of October, 1892, defendant went to said premises and colluding with Theresa Hamilton to defraud and deprive petitioner of his property he surreptitiously removed the same to his store, where he disposed of and appropriated the same to his own use and benefit; that defendant was well aware of the fact that the furniture did not belong to Theresa Hamilton, but did *1496 belong to petitioner, and that, in any event, they were plaintiff’s property, and if, as claimed by defendant, they were purchased by him from Theresa Hamilton, they were so purchased for insufficient consideration, in bad faith, with notice that she had no title, and not in open market in the usual course of business. On these allegations he prayed for judgment against defendant for five thousand dollars.
An exception to plaintiff’s petition, on the ground of vagueness having been sustained, plaintiff amended his petition, in which he reiterated all the allegations of his original petition. He then alleged that he had made with Theresa Hamilton a contract for the lease of certain furniture described; that under the terms of said contract, she, on the conditions mentioned therein, was to have the right to purchase said furniture; that on the date mentioned in the original petition defendant unlawfully, fraudulently and tortiously obtained possession of said furniture under the cover of a pretended contract with Theresa Hamilton, purporting to be a sale of said property to him; that he then and there well knew that she was not the owner of, and had no right to sell the same, and also knew that petitioner had rights of which said pretended contract was designed by defendant to fraudulently deprive him, and to these ends he colluded and conspired with Theresa Hamilton; that by reason of said acts and contract of defendant he had obtained possession of said furniture and refuses to restore the same to petitioner or to recognize any right to the same petitioner might have in the premises; that Hamilton to the knowledge of defendant had paid to petitioner no sum whatever upon account of said contract between herself and plaintiff; that the furniture belonged .to petitioner, and defendant fraudulently obtained the same from Hamilton well knowing that Hamilton was not, and he, petitioner, was the owner of the same. Plaintiff reiterated his prayer for judgment for five thousand dollars. Defendant pleaded a general denial.
The court rendered judgment in favor of the defendant and against the plaintiff, and he appealed.
In the brief filed on behalf of the plaintiff the action is claimed as being one for “ damages” against defendant for “ having maliciously incited and encouraged Theresa Hamilton to violate her agreement, which was obviously to the prejudice of plaintiff.” He cites Angle vs. Chicago, St Paul, etc., Railroad Company, 151 U. S., p. 2; Walker vs. Cronin, 107 Mass. 555. Bishop on Contract Law, Sec. *1497 493; Green vs. Button, 2 Cr. Mees & R. 707; Lumley vs. Gye, 2 El. & Bl. 216; Bowen vs. Hall, 62 B. D. 333, 337; Rice vs. Manley, 66 N. Y. 82; Jones vs. Stanley, 76 N. C. 355, 366; Haskins vs. Royster, 70 N. C. 601; N. Y. Land and Improvement Company vs. Chapman, 118 N. Y. 288, and several English decisions to the effect that if one maliciously interferes in a contract to the injury of the other, the party injured can maintain an action against the wrongdoer.
Plaintiff, in the agreements which he made with Theresa Hamilton, in the pleadings he has filed and the argument which he has presented has made it difficult for us to ascertain with certainty the precise character of the claims which he advances or of the injury he asserts. The allegation in his petition that the original contract between himself and Theresa Hamilton was one of lease; the averment that he was still the owner of the furniture at the time when defendant claims to have purchased it from the latter for five thousand dollars, the full amount fixed as between himself and Hamilton as the value of the property without making any deduction for the sum of twenty-five hundred dollars received by him from her prior to having disposed of the property, place him, before us, in our opinion as claiming to be a lessor who had been injured or damaged to the extent of five thousand dollars by reason of his property having been fraudulently sold by his lessee to a fraudulent purchaser, who not only was fully advised at the time of his purchase that his vendor had no title, but was additionally fully advised of plaintiff’s ownership. There is no demand in the suit for a return of the property to the plaintiff coupled with an alternative prayer for a money judgment,.but a prayer for an immediate judgment agains¡¡ defendant for five thousand dollars as damages. The action is rea,lly one ex delicto under Art. 2324, C. C.
The defendant under the general issue was permitted to show that he had purchased the furniture from Theresa Hamilton for the sum of one thousand one hundred and eight dollars, of which three hundred and fifty-eight dollars were paid by crediting to that amount an account which he held against her, and seven hundred and fifty dollars through a check given to her. Defendant claims that the contract between plaintiff and Theresa Hamilton was not a lease, but an absolute sale of the furniture; that, therefore, she could legally, sell and he could legally buy the same. The evidence establishes beyond question that defendant was fully informed of the contracts between *1498 plaintiff and Theresa Hamilton, and of the exact situation between those parties when he undertook to buy the furniture from her.
Granting that they evidenced an absolute sale as he declared them to have been, he knew (upon that hypothesis) that a large portion of the price which had been fixed between Theresa Hamilton and the plaintiff was still unpaid and stood secured as to payment by vendor’s privilege, and he deliberately and intentionally, with a view of benefiting himself and cutting off plaintiff’s privilege, purchased the furniture, and withdrew it from plaintiff’s pursuit. The evidence does not show that defendant has disposed of the property, but its whereabouts is uncertain. We are inclined to think he still has it in his possession, or under his control. (C. C. 2312).
Be that as it may, having frustrated the plaintiff in the legal exercise of his rights, we do not think defendant can be permitted to turn him round to a tedious and possibly fruitless pursuit and search for the property, and to litigation with persons who may have acquired it from the defendant (Thornton vs. Mansker, 10 La. 127). It was never worth five thousand dollars.
In the contract between plaintiff and Theresa Hamilton the risk of non-payment of the price by her entered as largely into the estimated value placed upon it as did its real worth. We do not think it was originally worth more than twenty-five hundred dollars. Whatever opinion we may have as to the exorbitancy of the price fixed we are not in a position to say as between the parties to this suit, and as matters have shaped themselves before us, that twenty-five hundred dollars was not still due by Theresa Hamilton (if the act was one of sale) to the plaintiff at the time of defendant’s purchase and stood secured by vendor’s privilege upon the property, Theresa Hamilton is not a party to this suit, she has raised no objection to the contract, or sought its rescission, but she has, on the contrary, affirmed its binding force by disposing of the property (of which she held the title, if at all, only by force of the contract) to defendant. Defendant having purchased from her under that title is in no position to question the contract made betweenher andher vendor, whether it was wise or unwise, judicious or injudicious. Assuming matters to have been such as he claims it to have been, he purchased for eleven hundred and eight dollars, and took possession of furniture on which there existed to his knowledge, at the time of his purchase, a vendor’s privilege in favor of the plaintiff. We find no *1499 evidence going to show or fix the value of the property at the time of this purchase other than the price of one thousand one hundred and eight dollars, which was that fixed between defendant and Theresa Hamilton. If the property had been at that time in the ownership and possession of the latter and had been sought to be made responsive to the claim of plaintiff for the unpaid purchase price, it is uncertain whether it could or would have sold for even that amount.
Assuming the contract between plaintiff and Theresa Hamilton to have been one of lease, the effect of defendant’s purchase would, 'at worst, have deprived plaintiff of property not exceeding in value the sum of one thousand one hundred and eight dollars. The claim of five thousand dollars damages set up by him could under no view of this case we might adopt be sustained.
In the opinion heretofore rendered by us we adopted defendant’s construction of the contract between plaintiff and Theresa Hamilton that it was one of sale. We reached that conclusion from the fact that possession had been given to Theresa Hamilton, from the large amount, payable weekly, which viewed from the standpoint of the contract-being a lease would be out of proportion to the value of its use, and from the clause in the act by which, on default of any payment as agreed, the whole value of the furniture as mentioned in the annexed promise of sale ($5000) would be considered due.
There is no doubt that as between Seelig and Theresa Hamilton it was understood that the title should not pass until Seelig should have received from the latter five thousand dollars, for as between them there was declared to be only a “promise of sale” when plaintiff should have received five thousand dollars under the lease. The “ promise of sale” was declared to be without prejudice to the contract of lease, and “in case of failure to pay as agreed it was to become null and void,” a clause which, if given effect to, would leave the contract of lease absolute and untrammeled and a clause inconsistent with the clause in the first agreement, that in case of default of payment the plaintiff would be entitled to sue for the whole value of the furniture (as fixed in the promise of sale) as an amount considered due.
Theresa Hamilton signed the agreement of lease which fixed no absolute time of duration, but did not sign that evidencing a promise of sale, and she nowhere directly bound herself to purchase the furniture.
*1500 The only parties to this litigation are Seelig, the owner of the furniture, and Dumas, who acquired and took possession of it under the -circumstances stated. There are no creditors of either Seelig, •Hamilton or Dumas involved, and no rights of third persons to be effected.
We weed not discuss what construction we might be justified in placing on the agreements between plaintiff and Theresa Hamilton were this case before us under different conditions and different parties. We think the situation was such as to have required of defendant in the exercise of good faith that he should have respected the obvious agreement between plaintiff and Theresa Hamilton that the furniture should be held to remain under lease, and the title to continue in Seelig until he should have been paid five thousand dollars. We are not disposed for the benefit of the defendant to nicely scrutinize and construe the terms of the agreement between plaintiff •and Theresa Hamilton. They are certainly open to discussion, and we think that justice and right require at our hands that we give plaintiff the benefit of any and all doubts as respects them. Not to do so would be to enable defendant to take advantage of a wrong, and to perpetrate a fraud. We say this upon the hypothesis that defendant would have occupied a different and a better position as a party buying from the vendee of movables (when there remained to his knowledge a portion of the price unpaid) with the fraudulent intent of cutting off from the vendor the benefit of his privilege upon, the property sold, and with the intent of benefiting himself, than he would as buying from a person without title. We think this case is fairly brought under the operation of the provisions of Art. 2324 of the Civil Code, and the decisions of this court in the cases of Irish vs. Wright and others, 8 Rob. 428; Smith vs. Berwick, 12 Rob. 20, and Thornton vs. Mansker, 10 La. 127.
We think the price agreed upon between defendant and Theresa Hamilton at the time of the sale of the furniture a fair criterion for the purposes of this suit as the value of the property, and that plaintiff is entitled to a judgment for that amount with legal interest >(as for the use of the property) from judicial demand. If the amount fixed upon as the value of the property be deemed by the defendant "to be too large, he will be enabled to escape from any injury which he might suffer from that estimate by taking advantage of the privilege which we will grant him- in the judgment of satisfying the judgment *1501 for so much of the principal sum as shall be equaled by the value of the furniture taken, which defendant may return to the plaintiff within ten days after this judgment shall have been returned to the District Court, the said value to be determined by the District Court. (C. C. 2312).
For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment rendered herein by this court be and the same is hereby set aside, and it is now ordéred, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed.
It is further ordered, adjudged and decreed that the plaintiff, Philip W. Seelig, do have judgment against and recover from the defendant, Theodore Dumas, the sum of eleven hundred and eight dollars, with legal interest thereon from judicial demand until paid.
It is further ordered, adjudged and decreed that defendant have the privilege of satisfying this judgment for so much of the principal sum as shall be equaled by the value of the furniture taken, which defendant may return to the plaintiff within ten days after this judgment shall be returned to the District Oourt; the value of the same to be determined by the District Court, and this cause is remanded to the District Court to take action thereon should defendant avail himself of the privilege within ten days.