(115 So. 278)

No. 28416.

JACOBS v. MECHANICS' & TRADERS' INS. CO. OF NEW ORLEANS.

Nov. 28, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. Judgment ⬥822(3)—Foreign judgment in action to replevin stolen automobile held not res judicata in owner's subsequent action on theft insurance policy because attorney unauthorizedly intervened for owner in replevin suit.

Where an automobile insured against theft was stolen in this state and sold in another, whereupon a replevin suit for the car was instituted in the state where sold, by the buyer from whom it had been taken by insurance company, and in such replevin suit an attorney acting under authority from insurance company, but without authority from car owner intervened by affidavit for the car owner, *held*, that judgment in replevin, not declaring that person who sold car to plaintiff therein had authority to sell car, was not res judicata in owner's subsequent action against the insurance company on the insurance policy.

2. Judgment ⬥822(2)—That owner refused to go to sister state to testify in suit involving stolen car did not make judgment therein binding on him in action against theft insurer.

Where an automobile stolen from its owner in this state was sold in another, and the buyer, after the car had been taken from him for the insurance company, instituted a replevin suit for its recovery, whereupon the insurance company requested the owner from whom stolen to go to such state to testify in the proceedings and such owner refused, but testified under commission, *held*, that his refusal did not make the judgment in the replevin suit binding on him so as to preclude his action against insurance company on his automobile theft policy.

3. Affidavits ⬥18—Sworn ex parte statements held inadmissible in action on automobile theft policy.

Ex parte statements made to agents of the Department of Justice of the United States government in their investigation as to whether there was violation of a federal law in the removal of a stolen automobile from one state to another, though sworn to, *held* not admissible in evidence in the automobile owner's suit against insurance company on theft policy, since the affiants were not subject to cross-examination.

4. Continuance ⬥51(5)—Refusing fourth continuance to procure witnesses held not abuse of discretion.

Refusal of defendant's request for continuance *held* not abuse of discretion, where three continuances covering a period of five months had already been granted at the request of the defendant's attorneys, and where it appeared likely that the witnesses for whose procurance continuance was requested were evading the process of the court.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by Eugene Jacobs against the Mechanics' & Traders' Insurance Company of New Orleans, in which the defendant sets up a reconventional demand. Judgment for plaintiff, reconventional demand rejected, and defendant appeals. Affirmed.

Spearing & Mabry, of New Orleans, for appellant.

Jos. A. Casey, of New Orleans, for appellee.

O'NIELL, C. J. This is a suit on an insurance policy for $3,000, insuring the plaintiff against loss by theft of an automobile. The insurance company, answering the suit, denied that the automobile was stolen, and

averred that it was taken from New Orleans to Natchez, Miss., and there sold for $600 to one J. R. C. Tate, by one J. E. Walker, also known as Isadore Le Blanc, with the consent of the plaintiff, Jacobs. The insurance company set up a reconventional demand for $239.84 for expenses incurred by the company in its effort to recover the car. On the issue so presented, the judge of the civil district court gave judgment in favor of the plaintiff for the amount of the policy and rejected the defendant's reconventional demand. The defendant has appealed.

It would serve no useful purpose to publish an analysis of the testimony on the question of fact whether the car was stolen by Le Blanc or was taken and sold by him with the consent of Jacobs. It is sufficient to say that, after considering the evidence, we concur in the conclusion of the judge who tried the case that the car was stolen by Le Blanc, who assumed the name J. E. Walker in selling the car to Tate.

The only questions of law in the case relate to (1) a plea of res judicata, (2) the admissibility of certain evidence, and (3) a ruling of the judge refusing to grant the defendant a continuance.

[1, 2] When the stolen car was located in Natchez, the insurance company sent an agent there, who took possession of the car and placed it in charge of one Sanford, proprietor of a public garage. Tate then brought a replevin suit against Sanford, in the circuit court of Adams county, at Natchez, Miss. The insurance company made demand upon Jacobs to go to Natchez, at the company's expense, and assist in the defense of the suit, which Jacobs refused to do. He did, however, testify in the case, under commission, and swore that the car was stolen and that Le Blanc, or Walker, had had no authority to sell it. An intervention, in the form of an affidavit, was filed by an attorney at Natchez, saying that he represented Jacobs and that the latter owned the car, and praying that it be restored to him. Because of that intervention, the defendant in this suit pleads that the judgment rendered by the circuit court of Adams county, Miss., in the replevin suit, declaring that Le Blanc, alias Walker, had authority to sell the car to Tate, has the force and effect of res judicata in this case. We agree with the trial judge that the plea of res judicata is not well founded, because Jacobs did not authorize the attorney in Natchez to represent him and had no knowledge that any pleading was filed in his behalf. The attorney also represented the defendant Sanford, in the replevin suit; and in the defendant's reconventional demand in this suit is an item of $58.50 for "legal expense" paid to that attorney. We have no doubt that he acted in good faith in filing the intervention for Jacobs, but whatever authority he had came from the insurance company. The company makes the alternative contention that, if the judgment rendered by the circuit court of Adams county, Miss., in the replevin suit, has not the force or effect of res judicata, it is none the less binding upon Jacobs, because of his refusal to go to Natchez and assist in the defense of the replevin suit. There is no showing or suggestion as to how Jacobs could have rendered any more assistance to the insurance company by going to Natchez than he did render by testifying under commission, in the replevin suit. There is therefore no merit in the contention that the judgment that was rendered in that suit is binding upon Jacobs. Counsel for the appellant cite two decisions, Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712, and Fidelity & Deposit Co. v. Hardman, 132 La. 525, 61 So. 559, maintaining that one who is bound as an indemnitor or a warrantor of another party is

bound by a judgment rendered against such other party, if he, the indemnitor or warrantor, was duly notified of the suit and had ample opportunity to defend it. Those decisions are not appropriate here because Jacobs was not an indemnitor or warrantor of the defendant Sanford or of the insurance company, in the replevin suit; and, besides, as we have said, there is no showing or suggestion that Jacobs could have rendered greater aid in the defense of that suit than he did render, or tried to render, by testifying under commission.

[3] The question of admissibility of evidence relates to certain ex parte statements made by Isadore Le Blanc and one Raymond Slate, and a woman named Edna Cobb, a friend of Slate, to the agents of the Department of Justice of the United States government in their investigation as to whether there was a violation of the federal law against the removal of a stolen automobile from one state to another. The judge ruled that the statements were not admissible in evidence in this suit. The ruling was correct because, even though the statements were made under oath, the affiants were not subject to cross-examination.

[4] The only remaining question of law relates to the judge's ruling, refusing to grant the defendant a continuance in order to procure the attendance of Isadore Le Blanc, Raymond Slate and Edna Cobb, as witnesses. Three continuances, covering a period of five months, had already been granted at the request of the defendant's attorneys. The three witnesses, very likely, were evading the process of the court, for it does not appear that they have ever been found. The judge did not abuse his discretion in refusing to grant another continuance.

The judgment is affirmed at appellant's cost.