## HOGGATT v. CAMPBELL.

### No. 1965.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

Rownd & Tycer, of Hammond, for appellant.

Morrison & Sims, of Hammond, for appellee.

LeBLANC, Judge.

This is a suit instituted by the plaintiff to recover possession of his automobile which he alleges was illegally detained by the defendant. Coupled with his demand for a writ of sequestration of the car is one for damages against the defendant for its unlawful detention by him for a period of seventy-three days at $1.25 per day, or a total sum of $108.75.

The lower court ordered the writ of sequestration to issue upon plaintiff furnishing bond in the sum of $100. Bond was furnished and the car released under the writ.

The defendant answered denying all the allegations of plaintiff's petition and then, assuming the position of a plaintiff in reconvention, he set out that the automobile had been brought to him by the plaintiff to be repaired; that he made the necessary repairs amounting to the sum of $121.38 which the plaintiff refused to pay and, availing himself of his rights under the law, he retained possession of the car in order to preserve his mechanic's lien for labor, repair and parts placed thereon. He accordingly prayed for judgment in the sum of $121.38 with recognition of the lien which he claims on the automobile.

From a judgment in favor of defendant on his reconventional demand in the sum of $86.38, with recognition of his lien and privilege as prayed for, plaintiff has appealed.

As already indicated the defendant is an automobile mechanic and it is

also shown that the plaintiff is a carpenter by trade. The testimony discloses an agreement between them under which plaintiff was to do some repair work on the defendant's house, more specifically he was to change the roof, and defendant in turn was to repair plaintiff's car. Each was to furnish the material to be used in performing each one's respective job, but, in the language of the defendant, they were "to swap work". To make the matter more explicit he was asked this question: "You were going to work on his car and he was to buy parts, and he was going to work on your house—that is put a new roof on—and you were to furnish the material?" to which he answered, "That is right". Plaintiff does not concede that that was the agreement between them but his testimony is so evasive and contradictory on this point that we do not hesitate to accept defendant's version as did the trial judge.

Defendant testified to the effect that plaintiff agreed with him that his labor for roofing the house would be $35. Plaintiff disputes that also but on this point again we find that the evidence supports the defendant's testimony. The labor bill of defendant for work on plaintiff's car is shown to be $32.50, leaving a balance therefore in favor of plaintiff of $2.50 on the exchange for labor involved in the two jobs. The testimony shows that defendant paid for all material used by plaintiff on the roof job with the exception of some 430 feet of ship-lap bought by plaintiff from the Odd Fellows Lodge and paid for by him. At the price he paid it amounted to $10.24. All told therefore, plaintiff was entitled to a credit of $12.74. The defendant's total bill on the automobile job, including labor, amounted to $88.01. Allowing $32.50 for labor it would appear that the parts and material furnished by him amounted to $55.51. That therefore would be the amount due him by the plaintiff less the credit of $12.74 which the latter is entitled to. The net balance in favor of the defendant therefore is the sum of $42.77. His demand included an old bill of $33.37 for which, from the testimony, it seems unlikely that plaintiff could even be held liable. Certainly it could not be included in the amount which the defendant claims is covered by his lien and privilege. It was included in the amount awarded in favor of the defendant in the court below and in that respect we find the judgment to be erroneous. It will be

necessary therefore for us to amend it by reducing the amount from the sum of $86.38 to the sum of $42.77.

For the reasons stated, it is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by reducing the amount of the award from the sum of $86.38 to the sum of $42.77, and that as thus amended it be affirmed. Costs of this appeal to be paid by the defendant, appellee herein.