231 So.2d 636 (1970)
Henry C. THOMPSON, Plaintiff-Appellant,
v.
W. C. WARMACK, d/b/a W. C. Warmack's Used Cars, Defendant-Appellee.
No. 2982.
Court of Appeal of Louisiana, Third Circuit.
February 11, 1970.
Rehearing Denied March 11, 1970.
*637 Thomas A. Self, Many, for plaintiff-appellant.
James L. Davis, Many, for defendant-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
The plaintiff Thompson had purchased a used Chevrolet from the defendant Warmack. The vehicle was brought in to Warmack for repairs a few weeks later. When Thompson failed to pay for them, Warmack refused to let him have the car back.
Thompson sues to obtain the return of the Chevrolet. Warmack reconvenes for the cost of the repairs and for recognition of his repairman's privilege. The trial court granted Warmack's reconventional demand and dismissed Thompson's suit. Thompson appeals.
The central issues of this litigation involve: 1. Did the defect repaired exist at the time of the sale (so as to justify the buyer Thompson for refusing to pay for them, and so as to entitle him to reduction in price because of this redhibitory defect, Civil Code Articles 2520, 2541)?; 2. May a repairman retain possession of a motor vehicle when the customer refused to pay for repairs to it, or must he seek judicial sanction to do so?

1.
The plaintiff Thompson, his father, his brother-in-law, and a friend testified that the gears ground and growled at the time he purchased the Chevrolet vehicle. The plaintiff Thompson further testified, corroborated by one or more of his witnesses, that the defendant's salesman had agreed to repair these transmission and clutch defects at the time of the sale.
However, the defendant Warmack and his salesman testified that no such agreement had been made and that the vehicle was free from transmission defect when sold to Thompson. A mechanic who had overhauled the used car testified that, prior to the sale, he had reconditioned the transmission and other parts, and that the vehicle was in good running order.
Additionally, a mechanic testified who had examined the vehicle after the transmission had locked and the vehicle was towed in for repairs. He stated that the cause of the transmission breakdown was that some gear teeth had been stripped off. He testified that the probable cause was speed-shifting of this four-speed, highpowered "super sport" carslamming it into a higher gear with the clutch half down. His testimony indicates that the transmission defect was probably caused by maldriving *638 immediately prior to the breakdown, three weeks after the sale.
We find no manifest error in the trial court's acceptance of the testimony of the defendant Warmack's witnesses as being accurate, and in its rejecting the testimony of the plaintiff Thompson's witnesses. Evaluation of the credibility of witnesses is peculiarly within the function of the trial court and should not be disturbed on review.
Insofar as Thompson argues that some unfavorable inference should be drawn from the Warmack failure to call one of its employees, the indicated knowledge of this witness was merely cumulative of the testimony of the defendant and his four employees who did testify. We doubt any unfavorable inference should be drawn. Cf., Haynes v. Modern Woodman of America, La.App.3d Cir., 135 So.2d 548, 551. In any event, any such unfavorable presumption is outweighed by the trial court's acceptance of the sworn testimony of witnesses preponderantly proving Warmack's case. Delafosse v. Industrial Painters, Inc., La.App.3d Cir., 199 So.2d 559.

2.
The plaintiff Thompson also contends that a repairman may not retain possession of a vehicle to enforce a privilege unless he does so by virtue of judicial process, such as sequestration. Here, the defendant Warmack simply refused to return the Chevrolet until paid for his repairs to it.
The plaintiff relies upon a statute granting a garage repairman a privilege upon a vehicle. LSA-R.S. 9:4501. This privilege may be enforced for a period of ninety days after the repairs, through a writ of sequestration without bond. This statutory privilege may be enforced within the statutory period by the garageman even after the vehicle leaves his possession.[1] See Daggett, Louisiana Privileges and Chattel Mortgages, Section 90 (1942); Note, 26 Tul.L.Rev. 258 (1952). Cf. also Dainow, 27 La.L.Rev. 490-92 (1967).
This statutory privilege, however, is supplementary to the codal privilege granted artisans and repairmen by Article 3217(2) of our Civil Code. Daggett, Id. Unlike the statutory privilege, the code privilege requires uninterrupted possession to be enforceable. Daggett, Id.; Note, 26 Tul.L.Rev. 258 (1952).
However, to enforce this code privilege, the repairman or artisan has the right to retain possession until paid. As stated by the late great Professor Harriet Daggett, Louisiana Privileges and Chattel Mortgages, Section 86 (1942), p. 376: "It is well settled that the artisan has not merely a privilege but a right of retention. He may keep the article until his bill is paid; and if it is not paid, he may proceed to have the article sold under his privilege."
Cited in support of this text statement are: Gayarre v. Tunnard, 9 La.Ann. 254; Hoggatt v. Campbell, La.App.1st Cir., 187 So. 294; Hart Enterprise Electrical Co. v. Stewart, La.App.Orl.Cir., 168 So. 791; and Cozzo v. Ulrich, 14 Orleans App. 137. See also: Blanchard v. Donaldsonville Motors Co., La.App.1st Cir., 176 So. 669;[2] Planiol, Civil Law Treatise, Volume 2, Nos. 2515, 2516, 2521(11), 2529, 2536 (LSLI Translation, 1959).
*639 The defendant Warmack was therefore entitled to retain possession of the plaintiff Thompson's vehicle, since not paid for his repairs to it. The trial court thus correctly dismissed the plaintiff's demand for possession of the Chevrolet in this suit, as well as his demand for damages for the allegedly wrongful seizure of it, sought in a companion suit this day decided (231 So. 2d 640).

3.
The only other of the plaintiff-appellant's specifications of error wrothy of note is his claim that the trial court improperly denied him a continuance on the day of the trial. The continuance was requested because an out-of-parish witness was not served with a subpoena as requested by the plaintiff.
However, the hearing on the motion for continuance shows: The plaintiff did not request a subpoena for the out-of-parish witness until 4:00 P.M. on the Monday before the Wednesday 10:00 A.M. trial. This out-of-parish witness was a brotherin-law of the plaintiff, but the plaintiff had never notified him of the trial or that he would be subpoenaed.
Further, the defendant had set the case for trial on at least four previous occasions, and each time it had been continued. On this final fixing for the date tried, the plaintiff did not move for a continuance until the morning of the trial, when all of the witnesses were assembled, including at least two out-of-parish witnesses subpoenaed by the defendant.
The trial court specifically noticed that the plaintiff had made no genuine diligent attempt to secure the attendance of the alleged material witness. The court further noted that the case had been on the calendar numerous times, but that apparently for some reason the party requesting a continuance was reluctant to try it.
The court felt it would be an injustice to the opponent to grant a further continuance under all these circumstances, although he did grant an opportunity to the defendant to apply for supervisory writs. The trial court refused, however, to stay the proceedings pending disposition of the application for writs.
Under the circumstances shown, we find no abuse of the trial court's large discretion to grant or deny a continuance. LSA-CCP Arts. 1601-05; Jacobs v. Mechanics' & Traders' Ins. Co., 164 La. 1085, 115 So. 278; Matthews v. Matthews, La. App.3d Cir., 220 So.2d 246; Evans v. Travelers Insurance Co., La.App.3d Cir., 220 So.2d 117.
A peremptory ground for a continuance is a failure of a party to obain evidence material to his case; but this is only where "due diligence" has been exercised by him. LSA-CCP Art. 1602; cf., Jacobs v. Mechanics' & Traders' Ins. Co., cited above. This ground is not available to the plaintiff under the circumstances shown.
Decree.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the plaintiff's suit and further granting the defendant judgment on his reconventional demand for $168.38 for repairs, as well as recognizing defendant's privilege and writ of sequestration on the repaired automobile. The plaintiff-appellant is to pay the costs of these proceedings.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] LSA-R.S. 9:4502 provides yet another artisan's or repairman's privilege and remedies to enforce it, including when the thing affected by the privilege remains in the place of business of the person who furnished the materials or made the repairs. See 13 La.L.Rev. 24-25 (1952).
[2] The Hart Enterprise and Blanchard decisions specifically rejected contentions, similar to the present, that the statutory privilege of a garageman, enforceable only by sequestration, is the exclusive remedy for motor vehicle repairs. Both decisions noted that this statutory privilege is supplementary to the code privilege, which permits the repairmen the right of retention.