LOTTINGER, Judge.
This is an action on an open account, for recognition of a repairman’s privilege and lien and for a writ of sequestration. The sequestration was issued, and the property in question seized. From a judgment in favor of the defendant dismissing the suit on open account, vacating the sequestration, and awarding damages to the defendant, plaintiff has appealed.
The plaintiff, William E. Davis, is in the air conditioning repair business. As the record points out, on May 6, 1969, the plaintiff made repairs to a central air con *757 ditioning unit owned by the defendant, billed the defendant for $121.63, and was paid for his services. Later, on May 21, 1969, the plaintiff was again called to the defendant’s home to repair a leak in the unit, and was paid $18.72 for this service. On June 24, of the same year, the air conditioning unit again became inoperative. It was at this time that the defendant was informed that the compressor would need to be changed. Plaintiff informed the defendant that he would attempt to get the compressor, inasmuch as the old one was still under warranty, and did in fact do so. Plaintiff testified that he made a special trip to New Orleans to get this compressor at 11:30 on the night of June 30. Before he left, plaintiff gave the defendant his bill for $190.84, which is the amount of this suit.
A couple of days later, the unit again refused to function, and the defendant at this time called in a new repairman. This serviceman repaired a leak and made other minor adjustments to the unit on July 2, 1969. By joint stipulation, it was pointed out that the Better Business Bureau files showed may local complaints about the plaintiff’s ineffective and overly expensive repair work.
The Trial Court concluded that the plaintiff’s repairs were indeed ineffective and too expensive and that he had been adequately compensated prior to the replacement of the compressor, inasmuch as the defendant had paid him a total of $140.35. Accordingly, the Trial Judge dismissed the plaintiff’s suit. Considering that the Trial Judge had the opportunity to listen to the testimony of the witnesses, reviewed all of the facts first hand, and then reached his conclusion, we can find no error on his part. It is certainly true that the plaintiff should be at least entitled to the value of the benefits received by the defendant, but be that as it may, we are convinced as was the Trial Judge that when a consumer calls in an air conditioning serviceman to repair a unit, is billed $121.63, and two weeks later is required to call in the serviceman again and pay an additional bill of $18.72, and then approximately one month later to be told by the same serviceman that the compressor is not good, we do not feel the consumer is truly receiving the services that he has paid for.
In answering the original petition, the defendant reconvened grounded on the proposition that the seizure was illegal inasmuch as the plaintiff used LSA-R.S. 9:4501 for the sequestration. It is contended by the defendant and plaintiff in reconvention that LSA-R.S. 9:4502 is the proper statute to be used, and this statute provides for a ten-day written notice by registered mail prior to the seizure.
LSA-R.S. 9:4501 provides:
“Any person operating a garage or other place where automobiles or other machinery are repaired, or parts therefor are made or furnished, has a privilege upon the automobile or other machinery for the costs of repairs made, parts made or furnished, and labor performed. This privilege is effective for a period of ninety days from the last day on which the repairs were made, or parts made or furnished, or the labor performed. For the purposes of this section, it is immaterial where the automobile or other machinery may have been located at the time or by whom the parts may have been attached.
“This privilege may be enforced by the writ of sequestration, without the repairman having to furnish security therefor. This privilege has no effect against a vendor’s privilege, a chattel mortgage previously recorded, or against a bona fide purchaser to whom possession has been delivered and who has paid the purchase price without previous notice of the existence of the privilege.”
LSA-R.S. 9:4502 in part provides:
“A. Any person engaged in the making or repairing of movable goods, furniture, upholstery, commodities, equipment, merchandise, machinery, or movable objects *758 or movable property of any type or description, has a privilege on the thing for the debt due him for materials furnished or labor performed. This privilege is effective for a period of ninety days from the last day on which materials were furnished or labor was performed, if the thing affected by such privilege is removed from the place of business where such labor was performed or materials furnished; provided that if the thing affected by such privilege remains in the place of business of the person who furnished such materials or performed such labor, such privilege continues as long as such thing remains in such place of business.
“B. This privilege may be enforced by the writ of sequestration, without the necessity of the creditor furnishing security therefor, if the debtor is first given ten days’ written notice by registered mail. This privilege has no effect against a vendor’s privilege, a chattel mortgage previously recorded, or against a bona fide purchaser to whom possession has been delivered and who has paid the purchase price without previous notice of the existence of the privilege.”
The defendant and plaintiff in re-convention contends that LSA-R.S. 9:4501 applies to “Automobiles and other related machinery” whereas LSA-R.S. 9:4502 applies to other movables. With this contention, we agree.
It must be pointed out that LSA-R.S. 9:4501 was initially enacted into law in 1926, and Section 4502 was enacted twenty years later in 1946. The plaintiff contends that he was proper and correct in proceeding under Section 4501, and cites Hart Enterprise Electrical Co. v. Stewart, 168 So. 791, La.App., Orls.Cir. (1936) for the proposition that electrical motors were covered by Section 4501. In the Hart case, supra, the plaintiff claimed to be the owner of two electrical motors which were in the possession of the defendant, and in so claiming, prayed for and obtained a writ of sequestration under which the sheriff seized the motors and took them into his possession. The defendant reconvened alleging that he had repaired the motors and that he had a lien and privilege on the motors which should be recognized. In answering the reconvention, the plaintiff contended that the lien and privilege of the defendant, being that found under LSA-C.C. Art. 3217 expired when the motors left the defendant’s possession. The court in the Hart case, supra, made the following remarks concerning Act No. 209 of 1926, which is now LSA-R.S. 9:4501:
“It is evident that under article 3217 of the Code the moment the repairman delivers the repaired article to the owner the lien no longer attaches to it, and we believe that it was a realization of this fact which prompted the framers of the act of 1926 to create in favor of the repairman a lien for a limited period even after the delivery of the repaired article.”
This paragraph alone would lead one to believe that the Court was basing its decision to honor the lien on the 1926 act, but it is necessary to follow throughout the opinion what the Court was saying, for in the next paragraph, the Court very clearly stated its reasons, to-wit:
“In the instant case the motors remained in the possession of Stewart. Therefore, under the view which we take, his lien subsisted until the seizure by the sheriff, and, in fact, subsisted during the period of the seizure, and still subsists because a lien holder is not deprived of his lien when the article on which the lien bears is judicially sequestered.”
It is quite evidence then that the Court was not basing its decision to recognize a lien on the 1926 act, but rather on Article 3217 of the Civil Code.
The plaintiff also cites to us the case of Blanchard v. Donaldsonville Motor Co., 176 So. 669, La.App. 1st Cir. (1937), but this case dealt with an automobile.
*759 There is no question but that in reading the quoted portions of LSA-R.S. 9:4501-4502, it can be seen that Section 4501 deals primarily with automobiles and other related machinery. Section 4502 deals with any other movable objects or property, such as an air conditioning unit.
After the air conditioning unit was seized under sequestration, the plaintiff padlocked the fuse box which controlled the electricity to the air conditioner in accordance with the writ which had been issued. The Trial Court awarded $350.00 in damages for embarrassment and humiliation, as well as $300.00 for attorney fees for dissolving the improper and illegal seizure. We do not feel that the Trial Judge abused his discretion with these awards, and therefore affirm same.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed, all costs of this appeal to be paid by plaintiff-appellant.
Judgment affirmed.