On confirmation of a preliminary default, the plaintiff, Milam Realty Company, Inc., obtained a judgment for $917.87, plus interest and attorney's fees, against defendant W. Abb Jones, an unsecured and unpaid promissory note of the latter being the basis therefor. Then, under the judgment, by means of a writ of fieri facias, it caused to be made a seizure of defendant's 1939 Packard coupe automobile.
Pending the advertisement of the property and before its sale, Dewey S. Ricord, who operates a business in the city of Shreveport under the trade name of Ricord's Down Town Auto Storage, filed in the cause a petition of opposition. Therein he avers that defendant Jones is indebted unto him in the amount of $165.40, this being for labor and services rendered and parts and materials furnished on said automobile under contract, and that a lien and privilege on the seized property secures the payment of his claim. The prayer of third opponent is that his security be recognized and he be paid by preference and priority out of the proceeds of the sale.
As the amount realized from the sheriff's adjudication was inadequate to pay both creditors in full, this contest over the funds resulted. No rights of defendant Jones are involved. *Page 406 
The claim of third opponent was recognized and ordered paid in its entirety by the district court, and plaintiff appealed from the judgment.
It is not disputed that defendant is indebted to third opponent in the sum of $165.40 for the following items furnished to and for the seized automobile:
Labor in overhauling the motor $33.00 Straightening all fenders and body and repainting 75.00 Materials used in overhauling motor 32.50 Six quarts of oil 2.40 Heater (installed) 15.00 Storage for one and one-half months 7.50
Appellant argues first that Ricord, having sued on a contract, cannot recover on a quantum meruit basis. The evidence, we think, proves the existence of the alleged contract. It is true that the parties did not agree in advance on the cost of all of the items of labor and material furnished. But Jones unquestionably requested the performance of the job that Ricord undertook to and did complete; and it appears that those parties contemplated the fixing of charges in accordance with the standard manual governing automobile repair work, as was done.
Next appellant's counsel contends that the hereinafter mentioned items are not privileged.
It is pointed out that $41 of the amount charged represents metal work and painting performed on the car after its seizure; and counsel urges that Act 209 of 1926, which creates a lien on a motor vehicle for the repairs made thereto, is not applicable for the reason that "after the seizure the car was in the custody and control of the sheriff, although left with Mr. Ricord as keeper." No authorities are cited in support of this position, and we know of none. In our opinion it is without merit. Although under seizure, the car was still owned by Jones. Ricord was employed to perform the work, and, as the trial judge observed, "to have refused would have been a breach of his contract."
The furnishing of six quarts of oil, of the value of $2.40, was required after the motor's overhauling. This item must be considered as material used as an incident to the repair job, for which Act 209 of 1926 creates a lien.
A privilege on the machine for the storage of $7.50 was, we think, correctly recognized. Civil Code Articles 3224, 3225 and 3226 provide ample authority for this conclusion.
The seller's privilege, as created by Civil Code Article 3227, attended the sale and installation of the heater, the value of which was $15. As to this item, without other comment or the citation of authority, appellant's counsel states in his brief: "A vendor's lien, if any, was lost when Mr. Jones lost possession of the car to the sheriff." This contention is obviously untenable. The seller, under the mentioned codal provision, has a preference "over the other creditors of the purchaser * * * if the property still remains in the possession of the purchaser"; and to hold that another creditor whose claim is unsecured, such as plaintiff herein, can effect the loss of the vendor's lien by causing a seizure of the property while in the purchaser's hands, would render that provision meaningless.
The judgment does not appear to be erroneous, and it is affirmed.
DREW, J., recused.