HOOD, Judge.
Louis A. Domingue instituted this suit against Fred Huval, d/b/a Huval’s Tractor and Implement Company, to recover damages for the alleged unlawful retention by defendant of a tractor belonging to plaintiff. Huval reconvened for sums alleged to be due for repairs to the tractor and other farm implements owned by plaintiff, and for the price of a cultivator which he allegedly sold to plaintiff. Judgment was rendered by the trial court rejecting plaintiff’s demands, and condemning plaintiff to pay to defendant a part of the amount claimed in the reconventional demand. Plaintiff has appealed.
The issue presented is whether defendant unlawfully retained possession of plaintiff’s tractor, thus entitling plaintiff to damages.
On June 16, 1970, plaintiff and defendant entered into an oral agreement whereby defendant was to repair plaintiff’s D-17 Allis Chalmers tractor. Plaintiff agreed to supply the necessary parts, and defendant agreed to charge only for his labor. The tractor was taken to defendant’s place of business, where the necessary repairs were made. When the work was completed, defendant presented plaintiff with a bill for $351.33, which included a charge of $268.11 for repairing the tractor, and $83.22 for repairs to other farm equipment owned by plaintiff. All of this farm equipment, except for the tractor, was returned to plaintiff after the repairs were made.
Plaintiff offered to pay defendant the sum of $250.00 for the labor performed on the tractor, and he demanded the immediate return of the tractor, asserting that it was badly needed in his farming operations. Defendant declined to return the tractor until the full amount claimed was paid, and he remained in possession of the tractor until the time of the trial.
Plaintiff instituted this suit on July 5, 1970, alleging that he made timely tender of payment of the labor charge due defendant, that defendant refused to accept the tender, and that he refused to return *90 the tractor to plaintiff. He seeks to recover damages from defendant in an amount equal to $50.00 per day from June 16, 1970, until the tractor is returned, alleging that he has had to rent another tractor at that rate since that date.
Defendant answered denying liability. He also reconvened for judgment against plaintiff for the aggregate sum of $1113.53, which includes a claim of $351.33 for the above mentioned repairs and $762.20 for the price of a cultivator alleged to have been purchased from Huval by plaintiff.
The trial judge found that defendant was entitled to a privilege on the tractor under LSA-R.S. 9:4501 and 4502, and under LSA-C.C. art. 3217(2), and that defendant was entitled to retain possession of the tractor until he received payment for the repairs which he made to it. He also determined that defendant had not been paid for repairing the tractor and other items of farm equipment, that plaintiff had not legally tendered payment, and that Huval was entitled to recover the amount due for those repairs. The agreement relating to the cultivator was found to have been an exchange, rather than a sale, and the court determined that defendant was not entitled to recover the purchase price of that implement.
We agree with the trial judge that defendant Huval had the right to retain possess,ipn of the tractor until he received paymeht 'for the repairs which he made to that piece of machinery. LSA-R.S. 9:-4501-4502; LSA-C.C. art. 3217(2); Thompson v. Warmack, 231 So.2d 636 (La.App. 3 Cir. 1970). See also Daggett, Louisiana Privileges and Chattel Mortgages, Section 86 (1942), p. 376.
The evidence shows that the sum of $268.11 was due for those repairs, and that that amount has never been paid to defendant. Plaintiff contends, however, that payment for work done on the tractor was tendered to defendant and was refused by him, and that this legal tender had the effect of exonerating plaintiff from the debt owed on the tractor. He argues that defendant was obliged to accept this payment, as tendered, and to return the tractor, and that his failure to do so entitles plaintiff to damages. We find no merit to this argument.
Article 2167 of the Civil Code provides that a real tender, followed by a consignment, exonerates the debtor. A consignment, as that term is used in this article, generally entails the deposit of the funds tendered in the registry of the court in an appropriate proceeding, or otherwise making the funds available to the adverse party. Pichauffe v. Naquin, 241 So.2d 574 (La.App. 1 Cir. 1970). In the instant suit no such deposit or consignment of the funds was made by plaintiff, and they were not made available to defendant.
We note, also, that LSA-C.C. art. 2168 (3) requires that a real tender, in order to be valid, must be “for the whole of the sum demandable.” In this instance the sum demandable by Huval for repairing the tractor was $268.11. Plaintiff offered or agreed to pay only $250.00 in settlement of that claim, and he admits that this was less than the sum which was owed. The purported tender thus was not valid since the sum offered was less than “the whole of the sum demandable,” Mitchell v. Jackson, 250 So.2d 540 (La.App. 3 Cir. 1971).
Defendant had the right to retain possession of the tractor until he received payment in full of the amount due for repairs to that machine. Plaintiff thus is not entitled to recover damages from defendant for the alleged wrongful retention of the tractor. We conclude, therefore, that that part of the judgment appealed from which rejects plaintiff’s demands should be affirmed.
The judgment condemns plaintiff to pay to defendant the sum of $351.33, that being the amount due for repairs to the tractor and for repairs to other farm equipment owned by plaintiff. The evidence shows that this is the total sum which plaintiff owes to defendant, and we find no error *91 in the judgment which condemns plaintiff to pay that entire amount.
The judgment of the trial court does not recognize, or even mention, defendant’s privilege on-the tractor for the repairs made to that piece of equipment. We think it is appropriate to observe, however, that defendant could not rightfully retain possession of the tractor as security for the payment of any debt other than that due for, repairs to that machine.
Liens and privileges are created in derogation of common rights, and they thus must be strictly construed. They may not be extended, by analogy or by implication, beyond the precise terms of the statutes creating or relating to them. City of Alexandria v. Shevnin, 240 La. 983, 126 So.2d 336 (1961).
Article 3217(2) of the Civil Code grants a privilege in favor of “a workman or artisan for the price of his labor, on the movable which he has repaired or made, if the thing continues still in his possession.” LSA-R.S. 9:4501 grants a privilege “upon the automobile or other machinery for the cost of repairs made, parts made or furnished, and labor performed.” And, LSA-R.S'. 9:4502 grants a similar privilege “on the thing for the debt due him for materials furnished or labor performed.” In view of the requirement that these statutes be strictly construed, we hold that the privilege created by them exists only on the particular thing made or repaired, and only for the price of the labor, parts or materials used in repairing that item. See Hoggatt v. Campbell, 187 So. 294 (La.App. 1 Cir. 1939).
We do not consider it necessary to amend the judgment appealed from to restrict the privilege on the tractor to the amount due for repairs to that particular item, since the judgment does not purport to recognize such a privilege or to extend it to secure the payment of any other debt.
The issue of whether defendant is entitled to recover the additional sum claimed by him as the purchase price of a cultivator is not before us, since defendant did not appeal and he did not answer the appeal which was taken by plaintiff.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.