HALL, Judge.
Plaintiff filed suit against defendant on December 22, 1975, for $619.43 as the cost of repairs allegedly done on defendant’s automobile between February 4, 1975 and October 3, 1975, and obtained a writ of sequestration pursuant to LSA-R.S. 9:4501. Defendant moved to dissolve the writ of sequestration as wrongfully issued and reconvened for damages. Defendant paid for the items shown on plaintiff’s statement of account except for $436.22 for repairs completed in August, for which defendant denied liability, alleging that the repairs were faulty.
After trial, the trial court awarded judgment for plaintiff for the repair work, but found that the sequestration was wrongful, awarded defendant $250 attorney’s fees as damages, and cast plaintiff with costs. Plaintiff appeals from that part of the judgment awarding defendant attorney’s fees and casting plaintiff with costs. For the reasons expressed in this opinion we affirm the judgment of the trial court.
The privilege asserted by plaintiff on which the writ of sequestration was based is established by LSA-R.S. 9:4501 which, prior to its amendment in 1976, provided:
“Any person operating a garage or other place where automobiles or other machinery are repaired, or parts therefor are made or furnished, has a privilege upon the automobile or other machinery for the cost of repairs made, parts made or furnished, and labor performed. This privilege is effective for a period of ninety days from the last day on which the repairs were made, or parts made or furnished, or the labor performed. For the purposes of this section, it is immaterial where the automobile or other machinery may have been located at the time or by whom the parts may have been attached.
“This privilege may be enforced by the writ of sequestration, without the repairman having to furnish security therefor. This privilege has no effect against a vendor’s privilege, a chattel mortgage previously recorded, or against a bona fide purchaser to whom possession has been delivered and who has paid the purchase price without previous notice of the existence of the privilege.”
All of the charges sued upon accrued more than 90 days prior to filing of suit, with the exception of an item dated October 3, 1975 for $14.65. No evidence was offered by plaintiff to establish that this charge was for repairs, parts, or labor furnished to the seized automobile. An invoice attached to plaintiff’s petition, which *993 was not offered in evidence, shows the charge was for floor mats. There was no evidence that the floor mats were installed in the seized Toyota; defendant owned another Toyota at that time. The privilege created by the statute exists only upon the particular automobile which is repaired or for which parts are made or furnished. Domingue v. Huval, 261 So.2d 88 (La.App. 3d Cir. 1972). Furthermore, floor mats are not “parts” within the meaning of the statute creating the repairman’s privilege upon automobiles. The sale of a minor accessory which is not attached to the automobile does not amount to the furnishing of parts.
 No repairs were made, labor performed, or parts furnished, including particularly the major repairs completed in August which were the essence of this lawsuit, within 90 days preceding the filing of suit. The privilege created by the statute is effective only for a period of 90 days from the last day on which the repairs were made, parts furnished, or labor performed. Plaintiff had no privilege upon the automobile and the writ of sequestration was wrongfully issued. The award of $250 attorney’s fees as damages and the casting of plaintiff with costs were well within the sound discretion of the trial court.
These conclusions, which support the judgment of the trial court, make discussion of other issues raised by the parties unnecessary.
The judgment is affirmed at appellant’s costs.
Affirmed.