421 So.2d 275 (1982)
Charles J. BABINGTON
v.
STEPHENS IMPORTS, INC., and Safeco Insurance Company.
No. 13078.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
Rehearing Denied November 19, 1982.
Turner & Young, P.C., New Orleans, for defendants-appellants.
D'Alton Williams, New Orleans, for plaintiff-appellant.
Before GULOTTA, KLEES and ISRAEL M. AUGUSTINE, Jr., JJ.
KLEES, Judge.
Plaintiff, Charles J. Babington filed suit against Stephens Imports, Inc., for the return of his vehicle which had been left with Stephens for repairs. He also sought damages of $25.00 per day for loss of use of the vehicle and attorneys fees or alternatively for the return of the automobile without charge and the damages for loss of use. Stephens answered the suit, reconvened for its repair bill and sought $5.00 per day storage fees.
The trial court ordered Stephens to return the vehicle to Mr. Babington upon his payment of the repairs, awarded Stephens *276 storage charges of $5.00 per day from September 17, 1979 until the date of actual payment, and ordered a credit in favor of Babington of $15.00 per day for loss of use of the vehicle from October 1, 1978 until September 17, 1979.
Both parties appeal. The issues presented on appeal are:
1) Did the trial court err in finding that Stephens demanded an improper amount for the repairs to the Babington vehicle, thereby losing its repairmen's privilege and right of retention?
2) Did the trial court err in awarding damages to Babington for loss of use?
3) Did the trial court err in awarding damages to Stephens for storage charges?
4) Did the trial court err in refusing to award Babington attorney's fees?
The facts of this case are as follows:
On June 9, 1978, Charles J. Babington's automobile, a 1970 Mercedes was damaged when it was struck in the rear by a vehicle owned by Joseph Hickman and insured by Safeco Insurance Company.
In July of 1978, Babington brought his automobile to Stephens Imports, Inc., for a damage repair estimate. Fine Appraisal Service, who represented Safeco Insurance, also computed a damage estimate. Stephens offered to do the work using the Fine estimate, subject to certain adjustments. Safeco agreed, and Stephens began to repair the automobile.
During the course of the work, a disagreement arose between Stephens and Fine Appraisal over the replacement of a rear quarter panel. Stephens felt replacement was necessary while Fine Appraisal would authorize only additional time and material for repairs. The panel was ultimately replaced and not repaired.
Repairs on the automobile were completed in September of 1978. Due to the dispute over the quarter panel and for other reasons not clear from the record, Safeco denied Babington's entire claim. He then filed suit in St. Tammany Parish against Safeco and its insured, Joseph Hickman. Babington sought release of the automobile from Stephens but Stephens refused to release the car without payment.
Babington filed suit in Orleans Parish alleging the amount of the repair work to be $5,123.64 and requested a cancellation of the repairmen's lien and enforcement of the alleged agreement on the part of Safeco to pay for the repairs performed by Stephens. Babington also sought to recover $25.00 per day as damages for the loss of use of his automobile, attorney's fees and court costs. Stephens reconvened for repair cost in the amount of $5,123.64, asserting that it held and continued to hold the automobile pursuant to its repairmen's privilege. Stephens also sought storage fees of $5.00 per day, interest and costs. Approximately six months after answering Babington's suit, Stephens informed Safeco and Babington that the correct cost of repairs was only $3,600.47 and not $5,123.64 as prayed for in its reconventional demand.
Safeco Insurance Company was dismissed before trial, after settlement with Babington. The trial on the merits proceeded against Stephens and subsequently judgment was rendered by the trial court.

Privilege Issue
Louisiana Civil Code Article 3217(2), states in relevant part:
The debts which are privileged on certain movables are the following:
* * * * * *
2. The debt of a workman or artisan for the price of his labor, on the movable which he has repaired or made, if the thing continues still in his possession.
Louisiana Revised Statute 9:4501, provides in part:
Any person operating a garage or other place where automobiles or other machinery are repaired, or parts therefore are made or furnished, has a privilege upon the automobile or other machinery, for the costs of repairs made, parts made or furnished and labor performed.
From the above provisions, it is clear that Stephens Imports had a lien and privilege against the Babington automobile for the amount due for labor and materials in repairing the car.
*277 However, the trial judge, in his Reasons for Judgment, stated that Stephens lost its right to retain possession of the vehicle because it had initially demanded a sum greater than the actual bill for repairs. No authority for this conclusion was cited.
The general rule is that the repairman or artisan has the right to retain possession until paid. Thompson v. Warmack, 231 So.2d 636 (La.App. 3rd Cir.1970). Domingue v. Huval, 261 So.2d 88 (La.App. 3rd Cir.1972). Daggett, Louisiana Privileges and Chattel Mortgages, Section 86 (1942).
Although the trial court found that Stephens was demanding a sum greater than the actual bill for repairs, we find no evidence that Babington ever disputed this amount. The record discloses that Babington's first offer of any payment was made by letter on September 13, 1979 after the correct amount of the bill was settled. As this letter reserved Babington's rights against Stephens, the trial court correctly held that this offer to pay was conditional in nature. At no time did Babington make an actual legal tender of the amount due to Stephens. Thus we conclude that Stephens was justified in retaining possession of the vehicle under La.C.C. Art. 3217.

Loss of Use
Babington cites three cases to support the award of damages for loss of use of the automobile. Willie Plain d/b/a Interstate Shell Services v. Refrigeration Transport Company, Inc., 393 So.2d 367 (La. App. 1st Cir.1980); David Chambers III v. United Cab Company, et al, 381 So.2d 1300 (La.App. 4th Cir.1980); Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La. 1977). These cases involved recovery of tort-caused damages for loss of use from the tort-feasor.
The rule regarding damages for loss of use in tort cases has been firmly established by this court. In Nolan v. Liuzza, 301 So.2d 892 (La.App. 4th Cir.1974), this court held that the owner of an automobile, temporarily deprived of its use while tort-caused damages were being repaired, may recover for that loss of use from the tort-feasor even if the automobile is for personal use. In Chriss v. Manchester Insurance and Indemnity Co., 308 So.2d 803 (La.App. 4th Cir.1973), this court held that it is not necessary that the plaintiff actually rent substitute property in order to recover damages for loss of use caused by the negligence of another. Nonetheless these cases are inapplicable due to the absence of any tort by Stephens, and we conclude that the granting of damages to Babington for loss of use of the automobile was improper.

Storage Charges
In Milan Realty Co., v. Jones, 7 So.2d 405 (La.App. 2nd Cir.1942) the court recognized that a repairmen's privilege on an automobile included the charge for storage. The court stated that Civil Code Articles 3224, 3225 and 3226 provide ample authority for this conclusion.
In Grunewald Company, Ltd. v. Bres, 4 Orl.App. 234 (La.App.1907), the court also recognized a charge for storage on the property retained by a repairman. However, this court held that the charge for storage should be allowed for a reasonable time only. The repairman should, without unnecessary delay, assert his claim and lien against the property. Here Stephens did not assert its claim against the automobile.
Although these cases recognize such a charge, there was no evidence presented at trial which would afford a basis to levy such charges. Accordingly, we disallow the storage charges.

Attorney's Fees
In his Reasons for Judgment, Judge Levy stated that he knew of no authority for awarding attorney's fees to the plaintiff-appellant. Counsel for plaintiff-appellant asserts that the trial court was in error, citing the case of Van Trow Olds Cadillac, Inc. v. Kahn, 345 So.2d 991 (La.App. 2nd Cir.1977). However, this case is clearly not authority for awarding attorney's fees in the present case. In Van Trow, the attorney's fees were awarded for wrongful writ of sequestration under La.R.S. 9:4501. In the case at bar, there was no sequestration *278 of the automobile. We conclude, the trial court correctly denied attorney's fees.
For these reasons, the judgment of the trial court in favor of Charles J. Babington and against defendant, Stephens Imports, Inc., ordering the defendant Stephens Imports, Inc., to return the vehicle to plaintiff, Charles J. Babington upon the said plaintiff paying Stephens Imports, Inc., the sum of Three Thousand Six Hundred ($3,600.47) Dollars is affirmed. That portion of the judgment assessing storage charges of Five ($5.00) Dollars per day from September 17, 1979 to the date when payment on the automobile is made subject to a credit of Fifteen ($15.00) dollars per day for the loss of use of the vehicle from October 1, 1978 until September 17, 1979 is hereby reversed.
AFFIRMED IN PART.
REVERSED IN PART.