519 So.2d 307 (1988)
SECURITY HOME MORTGAGE CORPORATION, Plaintiff-Appellant,
v.
Grady BOGUES, Defendant-Appellant.
No. 19227-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
*309 James R. Phillips, Bossier City, for defendant-appellant.
Campbell, Campbell & Johnson by John T. Campbell, Minden, for plaintiff-appellant.
Before JASPER E. JONES, FRED W. JONES, Jr. and SEXTON, JJ.
JASPER E. JONES, Judge.
This action arises from a dispute concerning a bulldozer. Security Home Mortgage Corporation, plaintiff-defendant in reconvention, is the owner of the bulldozer and Grady Bogues, defendant-plaintiff in reconvention, operates a repair shop. Both parties appeal a judgment recognizing Security as owner of the bulldozer and granting Bogues judgment against Security for the sums of $1,561.05 for repairs and $135.00 for storage charges and allowing Bogues to retain possession of the bulldozer until paid. We amend and affirm.
Each party makes multiple assignments of error which present the following five issues for one review:
1) is Bogues entitled to recover for his repair work based on unjust enrichment and, if so, in what amount;
2) is Bogues entitled to recover for storage charges based on unjust enrichment and, if so, in what amount;
3) is Bogues entitled to retain the bulldozer until paid;
4) is Security entitled to damages for Bogues' "wrongful possession" of the bulldozer;
5) should legal interest be allowed on any amounts recovered by Bogues.
Facts
Security bought this bulldozer in March, 1983, while it was stored at Bogues' shop in need of repairs. Following Security's acquisition of the dozer Bogues made certain authorized repairs to the bulldozer for which he was paid. Bogues advised Robert Bilton, Security's employee, that the frame rails of the bulldozer needed to be reinforced before it was used and that this additional repair work was essential because if it was not performed the four studs reinstalled by Bogues would break again. Bilton told Bogues that his son, a welder, would make those additional needed repairs.
Bilton placed the bulldozer in service without having the frame rails reinforced. It operated a short time and then broke down again.
Bilton called Bogues to the scene. Bogues agreed to repair the dozer at no charge if the breakdown was due to his repair of the dozer. However, upon inspecting the bulldozer Bogues determined that the breakdown was not related to the repair work performed by him.
This machine was returned to Bogues' shop in early 1983 and remained there until this suit was filed in March, 1986. The bulldozer was not repaired during this time. Bilton and other representatives of Security visited Bogues on several occasions to discuss the repairs but they only wanted him to replace his prior repairs at no charge. Bogues declined to do this as he felt his prior work was not the current problem. Security failed to make arrangements with Bogues to pay for the needed repairs which he estimated would cost approximately $2,500.00 and no contract for the repair of the dozer was ever agreed upon by the litigants.
After the bulldozer had set at his shop for about two years Bogues did take a preliminary step towards repairing the machine by disassembling it. However, no actual repairs were begun prior to the time this suit was filed.
Security brought this action seeking seizure of the bulldozer under a writ of sequestration, recognition as owner of the machine, and damages. Bogues reconvened for repair and storage charges, recognition of his mechanic's lien and damages.
On the date initially set for trial this case was continued and the trial judge orally ordered Bogues in open court to complete the repairs on the bulldozer and have it in running order on the date set for trial. Security's counsel was present and though *310 he expressed some dissatisfaction with the trial judge's instructions to Bogues, he acquiesced in the instructions given to Bogues by the trial judge. The plaintiff's president, a Mr. James, was also present in open court when the trial judge gave Bogues the direction to repair the dozer by the assigned trial date. Included in the trial court's oral directions to Bogues was that he permit the immediate inspection of the disassembled dozer by Mr. James and pursuant to this direction James, on the same date, inspected the dozer. The repairs were made and this matter was tried and the judgment complained of was rendered. Security then filed a second petition for a writ of sequestration and possession of the bulldozer was taken from Bogues when it was seized pursuant to this writ. Security in brief states that it now has possession of the dozer.
Issue # 1Repair Charges
Security contends no recovery for repair charges should be allowed. It argues that Bogues did not make the repairs until after this suit was filed when he did them to improve his legal position. Security says this leaves Bogues without "clean hands" as required for the application of unjust enrichment.
Bogues contends that he is entitled to recover for his repair charges on the basis of unjust enrichment. He argues that his recovery should be the full amount of his repair charges and not the reduced amount allowed by the trial judge.
No one may unjustly enrich himself at another's expense. LSA-C.C. art. 2055. The elements of recovery on the basis of unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a connection between them; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of any other remedy at law. Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974).
Here Security has been enriched by the restoration of its bulldozer to running and operating condition through the labor and expense of Bogues. Bogues has been impoverished by the expenditure of his own funds for parts and the application of his labor to repairing this machine.
The connection between the two is that Bogues' labor and expense have caused Security's enrichment. There is no justification or cause for Security's enrichment. The evidence established the immediate causes for the breakdown in the dozer while being used by Security following its initial repair by Bogues was the stripping of the drive coupling (the drive shafts), probably caused by an attempt to perform work with the dozer beyond it's capacity. This breakdown was not related to the initial repair work performed by Bogues. Since there was no contract, there is no other remedy at law except a claim based upon unjust enrichment.
Security's contention that Bogues engaged in "unlawful or inequitable conduct" by completing the repairs after the suit was filed is without merit. Bogues did not make an ex parte decision to complete the repairs after suit. He was ordered to do so by the trial judge. At the time the order was issued counsel for Security did engage in a brief discussion of the order with the court and opposing counsel but he did not object to the order nor did he suggest any alternative. We find that Security acquiesced in this order and cannot now contend that Bogues' compliance with the order was unlawful or inequitable.
The trial judge correctly applied the theory of unjust enrichment to allow Bogues to recover. We now examine the amount of that recovery.
The trial judge allowed Bogues to recover "for parts and one-half of the labor." The trial judge calculated this amount as $1,561.05.
Bogues is entitled to recover for the labor on the repairs as well as his expenses for parts and the appropriate measure of this recovery is a reasonable amount. Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3d Cir.1974).
Bogues correctly points out that the trial judge, in calculating Bogues' out-of-pocket expense, failed to include the charges of Beard & Brewster, who reinforced the *311 frame rails on the dozer. This item, in the amount of $549.23, should have been allowed. The evidence shows that Bogues incurred expenses of $1,329.26 to make these repairs and this entire amount should have been awarded.
Bogues claimed $1,200.00 for labor on the repairs. The trial judge allowed recovery for only one-half this amount. The trial judge's reasons for judgment do not express his basis for allowing only half the labor.
No testimony was provided concerning the number of hours actually spent on this job or the hourly charge for such labor. We note, however, that this labor charge, when added to Bogues' out-of-pocket cost, result in the total cost of repair being the sum of $2,529.26 which is consistent with Bogues' estimate of $2,500.00 to repair the bulldozer and that there is testimony as to considerable work on the bulldozer. There is no evidence tending to show the labor charge is unreasonable.
We conclude that the trial judge abused his discretion in allowing only one-half the labor charges. Reck v. Stevens, 373 So.2d 498 (La.1979). The judgment will be amended to increase the amount for repairs to $2,529.26 representing Bogues' expenses in making these repairs and the labor expended upon them.
Issue # 2Storage Charges
The trial judge granted Bogues recovery for 45 days storage at $3.00 per day, a total of $135.00. Security argues that Bogues is entitled to nothing for storage and Bogues argues he is entitled to 1,633 days storage at $5.00 per day.
There was no agreement between the parties as to storage fees. Therefore, Bogues' right to recover again rests upon the theory of unjust enrichment. These charges cannot be supported on that basis.
The record does not show any enrichment or impoverishment in regard to these charges. The bulldozer was stored outside in a field adjacent to Bogues' shop. There is no evidence that Bogues missed any other storage opportunity because of the presence of this machine. The only evidence of any expense connected with the storage is that Bogues performed some minor maintenance on the bulldozer. However, this is certainly not sufficient to support a claim for over $8,000.00.
The record does not suggest any enrichment which accrued to Security. It is also interesting that Bogues made no storage charge at the time Security bought the bulldozer nor did he ever mention these charges to Security's representatives when they visited him concerning the bulldozer.
It is inequitable for Bogues to go for over two years without mentioning any storage charges to Security and to then try to impose them at the end.
The law does not support the award of storage charges and the trial judge erred in allowing them. Edmonston, supra.
Issue # 3Possession of the Bulldozer
After Security brought this action, Bogues reconvened for recognition of his mechanic's lien on the bulldozer. At that point the only work performed by Bogues was the disassembly of the bulldozer. Subsequently the repairs were completed pursuant to the court order and after the trial the city judge rendered judgment allowing Bogues to retain the bulldozer until paid.
Security argues that Bogues was not entitled to a lien on the bulldozer and that even if it were it should not have been allowed to keep the bulldozer pending payment. Security contends that after the judgment recognized the lien the bulldozer should have been released.
The evidence established that Bogues performed very substantial work on the bulldozer, all of which was necessary to the function of the machine. Security cites no authority for its position that Bogues is not entitled to a lien on the bulldozer.
Bogues had begun the work by disassembling the bulldozer before this suit was filed. He completed the work under orders of the trial court. He is entitled to a lien for this work. LSA-R.S. 9:4501.
In granting Bogues the right to retain the bulldozer until paid the trial judge correctly followed the general rule expressed in the following cases. Hopper v. Bills, 255 La. 628, 232 So.2d 296 (1970); Decuir v. Sam Broussard, Inc., 459 So.2d *312 1375 (La.App. 3d Cir.1984); Babington v. Stephens Imports, Inc., 421 So.2d 275 (La. App. 4th Cir.1982); Seaboard Allied Milling Corp. v. Benitez, 408 So.2d 325 (La. App. 3d Cir.1981); Domingue v. Huval, 261 So.2d 88 (La.App. 3d Cir.1972); Jones v. City of Lake Charles, supra, where cost of repairs were recovered under doctrine of unjust enrichment and the right to retain possession under lien was recognized.
When the repairman asserts a privilege under 9:4501 the owner has a right to secure the release of the property by providing security. LSA-R.S. 9:4501(B); LSA-C. C.P. art. 3507. Here Security achieved the same end by having the bulldozer seized under a writ of sequestration. Security has no basis to complain.
Issue # 4Damages
Security claims it is entitled to damages in the amount of $100.00 per month for Bogues' "wrongful possession" of the bulldozer.
The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights. However, when the owner gives another permission to take possession of his property he must terminate that permission by requesting return of the property before continued possession by the non-owner will constitute a conversion. Miller v. Harvey, 408 So.2d 946 (La.App. 2d Cir. 1981).
Security delivered this bulldozer to Bogues' shop and left. Its representatives checked on the machine on subsequent occasions but they never told Bogues they wanted it back nor did they ever try to pick it up.
The service of this suit is the first proven notice to Bogues that Security wanted the bulldozer back. At that time it had been disassembled in preparation for repairs and could not be returned. Then the court ordered Bogues to complete the repairs giving rise to his mechanics lien on the machine.
Security has failed to prove any wrongful act of dominion over the machine by Bogues. The trial judge properly rejected the demand for damages.
Issue # 5Interest
The trial judge declined to allow Bogues legal interest on the amounts awarded to him. Bogues argues that he is entitled to legal interest under LSA-C.C.P. art. 1921 which provides: "The court shall award interest in the judgment as prayed for or as provided by law." A review of Bogues' reconventional demand shows that he did not pray for interest; however, this court has awarded legal interest where interest was not specifically prayed for in furtherance of the liberalized pleading requirements of the 1960 Code of Civil Procedure. Mini-Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2d Cir.1987); See also Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978). We therefore award legal interest to commence on the date of the judgment appealed. Paragraph (b) of the judgment is amended to read as follows:
"That there be judgment herein in favor of the Defendant, and Plaintiff in Reconvention, Grady Bogues, and against the Plaintiff and Defendant in Reconvention, Security Home Mortgage Corporation, in the sum of Two Thousand Five Hundred Twenty-nine and 26/100 ($2,529.26) Dollars, together with legal interest thereon from the date of this judgment."
As amended, the judgment appealed is affirmed. Costs of this appeal are taxed one-half to each party.