LOLLEY, J.
| gPlaintiffs Shakeya Johnson (“Shakeya”) and Shirley Johnson (“Shirley”) appeal the judgment by the First Judicial District Court for the Parish of Caddo, State of Louisiana, which found Shakeya at fault for the automobile collision in question, and dismissed plaintiffs’ claims for damages in favor of defendants City of Shreveport, Shreveport Police Department, Chief Henry Whitehorn, and Officer Jeffrey Couch (“Officer Couch”) of the Shreveport Police Department. For the following reasons, we affirm.
Facts
The automobile accident in question occurred on July 4, 2007, around midnight at the intersection of Creswell Avenue and Marshall Street in Shreveport, Louisiana. Shakeya was operating a minivan owned by her mother, Shirley. Shakeya was traveling east on Creswell Avenue which was |;¡regulated by a flashing red traffic light. Officer Couch was operating a police vehicle proceeding south on Marshall Street, which was regulated by a flashing yellow traffic light. Near the middle of the intersection the front end of Shakeya’s vehicle collided into the passenger side of the police vehicle driven by Officer Couch. Shakeya claims Officer Couch was at fault for the collision and, therefore, responsible for her damages, namely, medical bills and loss of wages for injuries sustained to her head, neck, back, and shoulder. Shirley claims defendants are responsible for the property damage to her vehicle.
Plaintiffs filed suit against the defendants asserting the personal injury claim as well as the property damage claim and a bench trial was held on the matter. Testimony was heard from all passengers and drivers, a police officer who witnessed the accident while working a detail at a business located at the intersection, and an officer who responded to the incident after it occurred. After considering the evidence, the trial court dismissed all claims stating:
The Court finds, of course, that the accident in question was caused solely by Ms. Shakeya Johnson inasmuch as she disregarded the red flashing signal which required her to come to a complete stop and make sure that it was okay to proceed safely through the light, in which the evidence clearly shows that she failed to do.
[ 4Judgment was entered in favor of the defendants, and the plaintiffs then filed the instant appeal.
*1061 Law and Discussion
On appeal, plaintiffs claim the trial court erred in failing to find either that the defendant was negligent or that Shakeya lawfully entered the intersection. Because of this error, plaintiffs request a reversal of the trial court’s decision which favors the defendants.
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Touchard v. Slemco Elec. Foundation, 1999-3577 (La.10/17/00), 769 So.2d 1200. When there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Menard v. Lafayette Ins. Co., 2009-1869 (La.03/16/10), 31 So.3d 996; Belin v. Dugdale, 45,405 (La.App.2d Cir.06/30/10), 43 So.3d 272. The issue for the reviewing court is not whether the trier of fact was wrong, but whether the factfinder’s conclusions were reasonable under the evidence presented. Rosell v. ESCO. 549 So.2d 840 (La.1989). A factfin-der’s determination regarding the credibility of witnesses is afforded great deference since only it can be aware of the variations in demeanor and 1 stone of voice that bear heavily on its evaluation. Id. Therefore, when a factfinder’s determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Touchard, supra.
Upon review of the record in its entirety, we cannot conclude the trial court was manifestly erroneous or clearly wrong in its finding. The trial court heard from each passenger in Shakeya’s vehicle, including Shakeya, and each stated Officer Couch ran into the automobile Shakeya was driving. However, a review of the photographs of the damaged vehicles shows that, due to the nature of that damage, the minivan Shakeya was driving was actually the vehicle that collided into the police unit. Additionally, the passengers in Shakeya’s vehicle lost credibility before the trial court when there was a discrepancy over whether or not a fifth passenger, who filled out an accident report at the time of the accident, was actually in the vehicle at the time of the accident at all. The trial court heard from Officer Couch, as well as Shreveport Police Officer Ryan Robinson who witnessed the accident from the sidewalk. Their testimony made sense in reference to one another and in reference to the damage shown on the vehicles. The trial court had all the evidence necessary and came to a reasonable conclusion | fibased on such. The judgment of the trial court was not manifestly erroneous, and the plaintiffs’ arguments are without merit.
Conclusion
For the foregoing reasons, the judgment in favor of the defendants is affirmed, and all costs of this appeal are assessed to the plaintiffs Shakeya Johnson and Shirley Johnson.
AFFIRMED.