LOLLEY, J.
h Shaffer’s Auto and Diesel Repair, L.L.C. (“Shaffer”) appeals the judgment of the Shreveport City Court, Parish of Cad-do, State of Louisiana, in favor of Johnson Construction Company, Inc. (“Johnson Construction”). For the following reasons, we affirm the trial court’s judgment.
Facts
At issue in this appeal is whether an agreement existed between Johnson Construction and Shaffer for the price of re *206 pairs to a 1979 Ford dump truck. In March 2007, Johnson Construction’s truck needed repairs; among other things, it was leaking oil and water. John Robert Johnson, Jr., the president of Johnson Construction, took the truck along with a 15-ton lowboy trailer to Shaffer for the repairs. The truck was reportedly fixed and Johnson paid the initial bill; however, the truck continued to have the same problems. Mr. Johnson returned to Shaffer with the truck; again, the repairs were reported to be made and Mr. Johnson paid the bill. The mechanical problems with the truck continued, and in July 2007, Mr. Johnson returned to Shaffer a third time and left the track and trailer. Although Mr. Johnson believed he had been given an estimate of $1,000 for the repairs, he was ultimately sent an invoice for $5,863.49 by Shaffer. Mr. Johnson offered to settle the matter for the amount of the initial estimate plus the cost of the parts and shipping — a total of $2,480. Shaffer did not respond to the offer, and refused to return Johnson Construction’s truck or trailer until full payment of the invoice was made, plus storage fees of $50 a day and 18% interest.
| Johnson Construction filed suit against Shaffer alleging that its action in withholding his track and trailer amounted to an unfair trade practice pursuant to La. R.S. 51:1405, et seq., and the matter proceeded to trial. After a trial of the matter, the court concluded that the evidence showed that Mr. Johnson had been quoted a price of $1,000 by Shaffer for the repair work, and Mr. Johnson had not been informed by Shaffer that additional engine work would be performed at an additional cost. Further, the trial court determined that Shaffer had acted deceptively in maintaining possession of Johnson Construction’s trailer on which it had performed no work. Accordingly, the trial court awarded Johnson Construction $3,500 in damages under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1405, et seq., and $750 in attorneys’ fees. Shaffer was awarded $1,000 (the amount of the initial estimate as determined by the trial court) and ordered to release Johnson’s truck and trailer immediately. This appeal by Shaffer ensued.
DISCUSSION

The Parties’ Agreement

On appeal, Shaffer raises several assignments of error. First, he argues that the trial court erred in failing to award him the full amount of his invoice (i.e., $5,863.49) and his reasonable storage fees for the truck and trailer. At the outset we point out that Mr. Johnson maintained he had a verbal agreement with Bubba Shaffer, the owner of Shaffer’s Auto Diesel & Repair, that the repairs to the track would cost $1,000. Mr. Johnson also testified that he was not informed otherwise. On the other hand, Mr. Shaffer | ^disputed that an agreement for the price of the repairs was ever reached and maintained that Johnson Construction owed the full amount of the invoice.
The existence or nonexistence of a contract is a question of fact, and the finder of fact’s determination may not be set aside unless it is clearly wrong. Red River International, Inc. v. Pierce, 44,869 (La.App.2d Cir.10/28/09), 26 So.3d 196. Furthermore, when there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed if the factfinder’s conclusions were reasonable under the evidence. Menard v. Lafayette Ins. Co., 2009-1869 (La.03/16/10), 31 So.3d 996; Johnson v. City of Shreveport, 45,819 (La.App.2d Cir.12/29/10), 56 So.3d 1059. A factfinder’s decision that is based on its discretion to credit the testimony of one of *207 two or more witnesses can virtually never be wrong. Menard, supra.
To enforce an oral agreement pertaining to something priced or valued in excess of $500, the contract must be proved by at least one witness and other corroborating circumstances. La. C.C. art. 1846. A party to the action may be a credible witness, and the other corroborating circumstances need only be general in nature. Smith v. Dishman & Bennett Speciality Co., 35,682 (La.App.2d Cir.01/23/02), 805 So.2d 1220.
If the trial court’s conclusion in this matter was reasonable in light of the evidence, we may not reverse its judgment. At the trial of the matter, the trial court was presented with testimony from Mr. Johnson, Mr. Shaffer, and Michael Louton, a mechanic employed by Shaffer. After consideration of the testimony and evidence, the trial court issued thorough reasons for | Judgment, in which it noted its belief that Mr. Johnson did not authorize Shaffer to perform the additional repairs to the truck, and that the repairs performed were not actually part of the original agreement. The trial court also believed that Mr. Johnson had received a verbal quote of $1,000 for the repairs to the truck, and he did not give authorization to tear the engine down (which was the reason for the additional charges). The trial court did not believe Mr. Johnson was informed of the cost for the additional work.
Considering the trial court’s reasons for judgment, along with our review of the record, we cannot say that the trial court was clearly wrong in its determination. Although there were corroborating circumstances to support both parties’ contentions, the trial court was clearly within its discretion to credit the testimony of Mr. Johnson over that of Mr. Shaffer and Mr. Louton. Notably, whether there was an initial verbal agreement that the repairs would cost $1,000 was subject to a credibility call by the trial court, which heard testimony from the involved parties. The trial court viewed Mr. Shaffer’s testimony on the issue as “disingenuous,” and we cannot see where that was in .error. Therefore, the trial court was not in error in (1) determining that an agreement existed between the parties regarding the price for repairs and (2) refusing to award Shaffer the full amount of its invoice in the amount of $5,863.49.[1]
As for the amount that Shaffer contends is due for storage, had it invoiced Mr. Johnson the amount of the original estimate in the first place, |sthere would have been no need to store the truck or trailer. Considering the trial court’s determination that an agreement existed between Mr. Johnson and Shaffer in the amount of $1,000, which Mr. Johnson had expressed a willingness to pay, we cannot see how Shaffer would be entitled to any payment for storage when it failed to return the truck and trailer where an offer of payment for the agreed upon price had been conveyed. In other words, the need to store Johnson Construction’s truck and trailer was created by Shaffer. Thus we see no error in the trial court failing to award Shaffer storage fees for the truck and trailer.

Unfair Trade Practices Claim

Shaffer also argues that the trial court erred in awarding damages and at *208 torneys’ fees to Johnson Construction under Louisiana’s Unfair Trade Practices and Consumer Protection Law (“LUT-PA”).
LUTPA, La. R.S. 51:1401, et seq., does not enumerate those instances of conduct that constitute unfair trade practices, but La. R.S. 51:1405(A) provides that “[ujnfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” What constitutes an unfair trade practice is determined on a case-by-case basis. Tyler v. Rapid Cash, LLC, 40,656 (La.App.2d Cir.05/17/06), 980 So.2d 1135; A & W Sheet Metal, Inc. v. Berg Mechanical, Inc., 26,799 (La.App.2d Cir.04/05/95), 653 So.2d 158. In Berg, this court explained:
Conduct is deemed unlawful if it involves fraud, misrepresentation, deception, breach of fiduciary duty, or other unethical conduct. A practice is unfair when it offends established public policy and when the practice is unethical, |fioppressive, unscrupulous, or substantially injurious to consumers, including business competitors.
Id., at 164 (citations omitted).
Here, the trial court determined that Shaffer had engaged in unfair trade practices when it refused to release Johnson Construction’s trailer on which Shaffer had performed no work. The trial court noted that the evidence showed that Mr. Johnson had made demand on Shaffer to release the trailer and that no repairs had been made on the trailer. The trial court further observed that under La. R.S. 9:4501, Shaffer would not have a repairman’s privilege over property upon which no repairs were made. We agree.
Louisiana R.S. 9:4501(A) provides, in pertinent part:
Any person operating a garage or other place where automobiles or other machinery are repaired, or parts therefor are made or furnished, has a privilege upon the automobile or other machinery for the amount of the cost of repairs made, parts made or furnished, and labor performed. If an estimate was given by the repairman for the repairs, then in order for the amount of the privilege to exceed the amount of the estimate, the repairman must secure authorization to exceed the amount of the estimate[.](Emphasis added).
Considering that Shaffer performed no repairs on the trailer, the repairman’s privilege allowed under La. R.S. 9:4501 was inapplicable as to that piece of equipment. See Van-Trow Olds Cadillac, Inc. v. Kahn, 345 So.2d 991 (La.App. 2d Cir.1977).
So considering, we see no error in the trial court’s characterization of Shaffer’s actions with the trailer as holding it “hostage in an effort to force payment for unauthorized repairs.” In Slayton v. Davis, 2004-1652 (La.App. 3rd Cir.05/11/05), 901 So.2d 1246, the appeal court concluded that 17the wrongful seizure of a vehicle was an unfair trade practice under La. R.S. 51:1405. Although the facts of Slayton are not precisely on point, we believe it to be analogous to the situation at hand. Shaffer had no legal right to retain possession of the trailer, yet it refused to release it to Johnson Construction. Thus, the trial court did not err in its determination that Shaffer’s retention of Johnson Construction’s trailer was a deceptive conversion of the trailer.
Shaffer also argues that the trial court erred in awarding Johnson Construction general damages in the amount of $3,500 for the “nearly four year unlawful conversion of [its] trailer.” Louisiana R.S. 51:1409(A) provides, in pertinent part:
Any person who suffers any ascertainable loss of money or movable property, *209 corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs[.]
As noted by the trial court, Johnson Construction did not provide evidence of the precise value of its loss sustained as a result of its deprived use of the trailer. However, “actual damages” as provided in the statute does not require a precise measurement of the damage — only an “ascertainable loss.” Furthermore, recovery of general damages is allowed under LUT-PA. Slayton, supra at 1255. Here, it is obvious that Johnson Construction suffered a loss. Shaffer retained possession of the trailer for four years, |swhich most certainly had some impact on Johnson Construction’s ability to carry on its business. Despite the fact that Mr. Johnson failed to present a precise value of the loss of use for his trailer, considering the length of time that Shaffer retained it and the amount of the award, we do not believe that the trial court abused its discretion in awarding Johnson Construction general damages in the amount of $8,500.
Finally, Shaffer maintains that the trial court erred in its award of $750 in attorneys’ fees to Johnson Construction. Louisiana R.S. 51:1409 mandates an award of reasonable attorney fees and costs to the person bringing the action. Although Mr. Johnson ultimately represented his company pro se at the time of trial, he was initially represented by an attorney who prepared the original petition and, later, an amended petition. When Johnson Construction’s attorney eventually withdrew from its representation, it was not for a failure to pay by Mr. Johnson, so it can be assumed that the attorney was paid some amount of his fee for the legal work performed. We do not believe the trial court’s award of $750 in attorneys’ fees was in error, considering that Johnson Construction had been represented at some time in the litigation and had presumably paid some amount in attorneys’ fees to its counsel of record.
Conclusion
For the foregoing reasons, the judgment of the trial court in favor of Johnson Construction Company, Inc. is affirmed. All costs of this appeal are assessed to Shaffer’s Auto and Diesel Repair, L.L.C.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, GASKINS, CARAWAY, LOLLEY and SEXTON, JJ.
Rehearing denied.

. Although Shaffer noted in brief that Mr. Johnson, after receiving the invoice, had offered to pay the initial $1,000 plus the additional amounts for parts and shipping (a total of $2480), Shaffer has not argued that, alternatively, it was entitled to at least that amount. Notably, Mr. Johnson’s offer to modify the initial $1,000 agreement went unanswered; thus, there was no modification of that agreement.