PITMAN,J.
|) Defendant T <& T Auto Repair and Towing, LLG, appeals the judgment of the West Monroe City Court rendered in favor of Plaintiff Kimberly Wilson awarding her damages of $3,275 for the wrongful conversion of her automobile and general damages and attorney fees of $2,500 under the Louisiana Unfair Trade Practices .Act (“LUTPA”). For the following reasons, we affirm. ■

FACTS

On February 5, 2013, Plaintiff purchased a 1997 Honda Accord from Milner Auto Sales in Monroe. On February 11, 2013, the car broke down at the AutoZone in West Monroe. An employee of AutoZone told her she could leave the car in the parking lot, where it remained for approximately three months. On February 26, 2013, Plaintiff filed suit in Monroe City *439 Court, against Milner Auto Sales seeking to rescind the sale of the vehicle.
On May 14, 2013, the raanagér of Auto-Zone, Jeff Sturdivent, called the West Monroe Police Department to determine how he could have the car removed from his lot. In accordance with police instructions, he called Defendant to remove the car, whereupon a driver was immediately dispatched and the car was towed that day..
Plaintiff noticed the car was no longer parked at AutoZone; and calléd the business to find out 'where it was. She was told that it had been towed by Defendant' and was at its lot. She then contacted Defendant and was told where the car was located and the amount due for it to be released. On May 16, 2013, Defendant sent her a “Right to Hearing” notice showing a balance due of $204.12.' Plaintiff claimed she never 'received the notice, I ¿which was sent by regular mail instead of certified mail.[1] Notice was sent to Defendant that litigation was pending over the ownership of the car/rescission of the sale. Plaintiff made no effort to pay Defendant or to regain possession of the car.
On June 10, 2013, attorneys for both Plaintiff and Milner Auto* Sales examined the vehicle at Defendant’s lot.
On July 1, 2013, Defendant sent a “final notice” to Plaintiff showing that the total amount now due was $1,060.02; however, because Plaintiff had moved, she did not receive the notice.
■ On September 30, 2013, a judgment was granted in Plaintiff’s favor in the suit against Milner Auto Sales, rescinding , the sale of the car and returning to her the purchase price of $3,401.02, as well as $205 for repairs to a CV joint and attorney fees of $2,852.50. That judgment was. not signed until December 6,2013.
In the interim, on October 16, 2013, a company named Towing and Recovery Professionals of Louisiana prepared the paperwork necessary for a “permit to sell” to be issued so that the title of the vehicle could be transferred to Defendant and the vehicle sold.
In early December 2013, a representative of Milner Auto Sales contacted Defendant inquiring about the vehicle and was informed that thé title had been transferred to Defendant, presumably because of unpaid | stowing and storage fees. Plaintiff also contacted Defendant asking to be notified about the status ■ of the car, but received no response.
On January 24, 2014, Plaintiffs attorney was advised that title to the car had been transferred to Defendant pursuant to the permit to sell and that the car was on the lot to be sold. Defendant claimed that it had expended $897.90 in repairs to the car before it could be sold. On an unknown date thereafter, the car was sold to Nikki Powell for $2,000. Defendant could not provide a copy of the bill of sale.
On February' 3, 2014, Plaintiff filed this suit against Defendant in West. Monroe City Court seeking either return of the car or the value of the car. She alleged that Defendant had engaged in unfair trade practices and sought general damages and attorney fees based on the LUTPA. On October 23, 2014, judgment was rendered in Plaintiffs favor “in the full amount of $3,275.00, .together with attorney’s fees and general damages in the amount of *440 $2,500.00.” The judgment was signed on November 11, 2014.
Defendant now appeals that judgment.

DISCUSSION

Defendant argues that the trial court erred (1) in its finding that Defendant did not comply with the Louisiana Towing and Storage Act, La. R.S. 32:1711, et seq. (“LTSA”); (2) in awarding Plaintiff $3,275 for damages under the LTSA, which only allows the extinguishment of towing and storage fees; and (3) in awarding attorney fees under the LUTPA, which is inapplicable to the facts of this case.
LPlaintiff argues that the issues are: (1) whether Defendant sold the vehicle without complying with the requirements of the LTSA; (2) whether Defendant’s sale of the vehicle constituted a conversion and was an unfair trade practice in violation of the LUTPA; and (3) whether the trial court erred in awarding excessive damages and/or in awarding attorney fees.
Defendant argues that towing companies are under the jurisdiction of the Department of Safety and Corrections and that the penalty for not following the LTSA is found in La. R.S. 32:1724. Under Part A of that statute, any person who fails to comply with any provision required by the chapter “shall forfeit all claims for towing services and storage of such vehicles and shall be subject to an administrative fine.” Defendant claims it complied with all aspects of the law; and, therefore, the only penalty which could be assessed against it is forfeiture of its $1,060.02 claim for towing and storage fees. It asserts that it spent $897.90 to repair the vehicle so it could be sold. It further argues that all parties knew where the vehicle was located, but failed to take any action to preserve it; and, therefore, it should not be penalized for the other parties’ inaction.
Defendant asserts that attorney fees are not allowed unless authorized by statute and that Plaintiff failed to cite any authority by which attorney fees could be awarded. It claims that the LUTPA is inapplicable to a regulated towing company and that attorney fees should not have been awarded under that statute.
Plaintiff argues that Defendant towed her vehicle, illegally acquired title to it and sold it. She contends that the law requires that she receive ^notice by certified mail that the towing and storage company has possession of her car, of the amount due and of its intention to seize and sell the car. She further asserts that neither she, nor her attorney, ever received notice of the towing and storage fees accruing or of the proposed sale, even though Defendant was aware rescission of the sale of the car was in the process of being litigated.
Plaintiff also argues that the law requires Defendant to keep for three years all records relating to the towing and sale of a vehicle, and only a few records relating to the sale of her vehicle were produced by Defendant at trial. She claims that those records, and the lack thereof, affirmatively document that Defendant did not follow the procedures required by law prior to the sale of a stored motor vehicle. There were no receipts for the notices, which should have been sent by certified mail, and no bill of sale of the vehicle by Defendant to Nikld Powell was produced. Thus, Plaintiff argues, Defendant violated the LTSA.
Plaintiff further argues that the sale of her vehicle was a conversion and, as such, constituted a claim for damages and attorney fees under the LUTPA. She contends that one who sells or otherwise disposes of property belonging to another without authority or permission has converted the property, giving rise to a claim for dam *441 ages, even if the person acted in good faith and with the best of intentions. As such, Plaintiff argues she is entitled to her claim for unfair trade practice under La. R.S. 51:1405 and attorney fees under La. R.S. 51:1409. Under these circumstances, she asserts that the trial court was warranted in finding a conversion of her auto Land was correct in its ruling that she is entitled to both damages and attorney fees.
The provisions of the LTSA, La. R.S. 32:1711, et seq., contain the procedures required of a towing and storage company prior to its attempts to recoup towing and storage fees. La. R.S. 32:1718 requires the owner of the towing company to notify the office of the sheriff or municipal police that a vehicle has been towed, the location of the vehicle, the vehicle identification number and license number, as well as the make, model and year of the vehicle. La. R.S. 32:1719 requires the towing company also to notify the Department of Public Safety and Corrections that it is holding the vehicle. La. R.S. 32:1720 concerns owner notification and states that, within ten days from the date the towing company sends the law enforcement department the vehicle information, the department must provide the towing company with information on the owner of the vehicle, and the towing company is then required to send notice by certificate of mailing to the owner of the vehicle at the owner’s last known address.
La. R.S. 32:1723 requires the owner of the towing company to maintain adequate records on storage of all vehicles for a period of at least three years. La. R.S. 32:1724 states that any person who fails to comply with any provision required by the law forfeits all claims for towing services and storage and is subject to a fine. Nothing in La. R.S. 32:1724 states that forfeiture is the exclusive remedy for noncompliance.
The LUTPA, specifically, La. R.S. 51:1409, creates a private right of action in cases which arise as a result of the use of unfair trade practices and | ./provides for an award of attorney fees if the person is successful in his suit. It states in pertinent part as follows:
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.
Acts constituting unfair or deceptive trade practices are not specifically defined in the LUTPA, but are determined on a case-by-case basis. Claims under the LUTPA are not limited to consumers and business competitors, but are available to any person who suffers any ascertainable loss as a result of violations of the statute. La. R.S. 51:1405 and 51:1409. Haygood v. Dies, 48,485 (La.App.2d Cir.11/20/13), 127 So.3d 1008, writ denied, 13-2955 (La.2/28/14), 134 So.3d 1177; Johnson Const. Co. v. Shaffer, 46,999 (La.App.2d Cir.2/29/12), 87 So.3d 203.
*442 In Bryant v. Sears Consumer Fin. Corp., 617 So.2d 1191 (La.App. 3d Cir.1993), writ denied, 619 So.2d 533 (La.1993), the court found that a creditor that removed a motor home from its owners’ possession and sold it to a third person, without resorting to Louisiana’s judicial process, had. wrongfully seized and possessed, the motor home. Wrongful seizure and wrongful possession are unfair trade practices within the meaning of the IsLUTPA. Unfair trade practice exists if the practice offends public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to the consumer. Id.
Under the LUTPA, “actual damages” for any person who suffers a loss,of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice, do not require a precise measurement of the damage, only an ascertainable loss. La.R.S. 51:1409(A). Johnson Const. Co., supra.
In Cook v. Spillers, 574 So.2d 464 (La.App. 2d Cir.1991), this court found that an automobile seller, who wrongfully repossessed an auto from a purchaser, was liable to the purchaser for his equitable interest in the auto in the amount of $2,508, for general damages, of $200 and for attorney fees and costs. See also Johnson Const. Co., supra; and Jones v. Petty, 577 So.2d 821 (La.App. 2d Cir.1991) (on the issue of attorney fees).
In the instant case, the record reflects that Defendant failed to follow the provisions of the.LTSA by-failing to notify Plaintiff by certified mail- that her car had been towed and stored and of the amount owed for redemption. Further, Defendant failed to send, by certified mail, the final notice that her car would be seized and sold for nonpayment of the amount due. Defendant sold her car to a third person and failed to keep adequate records as required by law. Therefore, Defendant engaged in an unfair trade practice and wrongfully converted her automobile in violation of La. R.S. 51:1409. As a result of Defendant’s violation of the LUTPA, we find |9no error in the trial court’s ruling that Plaintiff was entitled to receive damages and attorney fees.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in favor of Plaintiff Kimberly Wilson and against Defendant T & T Auto Repair and Towing, LLC. Costs of this appeal are assessed against Defendant T & T Auto Repair and Towing, LLC.
AFFIRMED.

. Through, facts gleaned from this incomplete record, it was shown that, although Plaintiff lived in the same mobile home park she lived in when she bought the car, she had moved within the park and no longer lived at the same lot number. Therefore, any mail sent to the address .on record was never received by her at her new address.